B. F. MOORE *v.* W. H. SHIELDS *et al.*

Where a guardian purchases a claim against his wards he cannot charge them with more than he paid, and the fact that he was the creditor by having made proper advances to his wards, and afterwards became bankrupt, and then purchased the claim from his assignee, does not alter the principle. But the guardian must be taken to have paid himself as soon as funds of his wards came to his hands, which he could lawfully so apply, and the assignee took the claim subject to these deductions.

A guardian, who is a merchant, may, if he acts in good faith, supply the necessary wants of his wards from his own store, and may charge a reasonable profit upon them.

While a guardian cannot be allowed in a settlement with his wards for fees paid to his attorney to aid him in keeping them out of their just rights or in supplying an uncertainty, or confusion in his accounts, produced by his own negligence, or even in defending an action brought by them for a settlement, yet he may claim the allowance of a reasonable fee paid in a suit for the protection of their interests.

After the decision of this case at the last term (sec. 68, N. C. Rep., 327) it was referred to Spier Whitaker, Esq., as a referee, to state an account between the defendent W. H. Jones and his wards, who were the heirs-at-law of J. H. Harrison, and upon his report being returned to the present term of the Court, exceptions to it were filed by Jones and the defendant Medora Harrison. The character of the exceptions sufficiently appears in the opinion of the Court which disposes of them.

*B. F. Moore,* for the plaintiff.

*Clark & Mullen, Gatling,* and *Batchelor, Edwards & Batchelor,* for the defendants.

RODMAN, J. 1st *Excepiton:* The view of the referee as to the accounts of the guardian against his wards for goods sold to them by him before his bankruptcy is in the *main* correct. It is a settled principle that if a guardian buys up the claim of a creditor of his ward for less than its amount, he cannot charge his ward with more than he actually pays.

If the guardian in this case had not been originally the creditor, and had not bought from his own assignee, the application of the principle would probably not have been disputed. But these circumstances have no real weight to take the case out of the principle. The assignee as trustee for the creditor of Jones was the creditor of the wards to the extent that Jones was by virtue of those accounts. The interest of Jones as a creditor had wholly passed out of him, and the transaction was in reality the simple one about which we have supposed there could be no dispute.

We think, however, that Jones was entitled to retain the income of his wards as it came into his hands, and apply it to the payment of these accounts for articles supplied by himself, just as he was to apply it in payment of services or articles furnished by a third person, for example, in payment of board or schooling. To the extent that he could thus lawfully apply the income, it must be considered that it was so applied on the principle which presumes that an administrator who is a creditor of his intestate when he comes into possession of assets, immediately applies them to extinguish his debt if he may lawfully do so. To the extent that such an application could lawfully have been made, the accounts of Jones must be considered as actually paid, and thereby reduced in amount, and the assignee took them subject to such deductions. The report of the referee must be modified to meet this view.

2nd *Exception:* The referee erred in deducting from the accounts of Jones for articles sold to his wards since his bankruptcy the supposed profit of 33 per cent. on the cost of the articles to him. There can be no obligation on a guardian, who happens also to be a retail merchant, to go elsewhere to buy articles which his wards may need, or to sell to them at cost price which he pays in another market and buying by the wholesale. It is sufficient if the articles are proper and necessary, and the price not unreasonable, and

not in excess of the prices elsewhere in the same place. It is true that to permit such a mode of dealing may present some slight temptation to a guardian to make an excessive expenditure for his ward, and in that point of view it will require greater vigilance on the part of the Courts in passing his accounts. But public policy no more forbids a guardian from supplying his ward with necessary goods out of his own store, than it forbids him to take his ward to his own house to board.

As to the exceptions of Medora Harrison. 1st *Exception:* To the sum allowed Jones as paid his attorneys.

It is admitted that a guardian will not be allowed to charge his wards for any sum paid to an attorney to aid him in keeping them out of their just rights, or in supplying an uncertainty or confusion in his accounts produced by his own negligence, or even in defending an action brought by them for a settlement. For in none of such cases can the expenditure be said to have been made for the benefit of the wards. In the present case, however, the action was originally begun by the plaintiff to determine for his protection the rights of the several defendants to the fund in his hands; the guardian was brought in and compelled to engage an attorney in order to protect his legitimate claim as guardian. No part of the purpose of the suit was to recover from the guardian his wards' property, for they are not yet of age. The statement of his accounts became incidentally necessary. We think the case is one in which the guardian, by reason of his office, has been compelled to incur expenses, and that he ought to be indemmified by his wards. We think the sum paid was excessive as between him and his wards, and the account will be modified so as to allow him only $25.

2nd. *Exception:* This exception does not seem material to the present account, the only object of which was to ascertain the sum which the guardian is entitled to receive out of the fund in the hands of the plaintiff. When the ac-

counts of the wards come to be finally adjusted, the sums owing by each will be charged to them respectively.

The report will be modified to conform to this opinion. The costs will be paid out of the fund in the hands of the plaintiff, and in the costs will be taxed an attorney's fee for the plaintiff, one for the administrator, one for all the infants together, and one for the guardian.

PER CURIAM.                          Judgment accordingly.