WM. PATTERSON and others *v.* R. M. MILLER, Administrator, &c.

A special proceeding, under sec. 73, chap. 45, Battle's Revisal, differs from a creditor's bill, in that in the latter all the creditors *may* make themselves parties, while in the former they *are required* to do so.

A Judge of Probate has no power to make to himself an allowance " for his services in stating an account;" nor has he the power to make an allowance to the attornies of the creditors for services in their behalf.

The cost in such proceedings must abide by the provisions of chap. 105, Battle's Revisal.

SPECIAL PROCEEDINGS by creditors against an administrator, commenced before the Probate Judge of MECKLENBURG county and heard upon appeal by his Honor *Judge Schenck,* at Chambers, on the 11th day of January, 1875.

The material facts are stated in the opinion of the Court. From the decree made by his Honor on the hearing, the plaintiffs appealed.

*Wilson & Son,* for appellants.
*Barringer* and *Dowd,* contra.

PEARSON, C. J. This is a special proceeding by a creditor against the administrator of a debtor, under the act 1871–72. See Battle's Revisal, chapter 45, section 73.

This statute institutes a proceeding differing from any that had ever before been used either in courts of law or in courts of equity for the purpose of compelling the settlement of the estates of deceased persons, and is a necessary sequence to the change of the law, by which creditors are to be paid *pro rata.*

This special proceeding differs widely from a creditors bill; the one is a suit in equity, brought before the chancellor, by a creditor, and all other creditors, who *choose* to come in and make themselves parties and become liable for a *pro rata* part of the costs. The other is a proceeding before the Judge of Probate instituted by a creditor, by which the other creditors *are required* to come in and prove their debts; so it bears a nearer analogy to the proceeding before a commissioner in bankruptcy who calls on the creditors to prove their debts, and makes dividends from time to time; but it is in fact a proceeding *sui generis,* and depends entirely upon the statutory regula-tions. It follows that all of the cases cited on the argument in regard to equity practice in respect to costs, have no applica-tion and we ar e left to a construction of the statutes.

The question intended to be presented by the appeal is whether the allowances made by the Probate Judge should be paid by the creditors, or should be a charge upon the fund, but before reaching this question we are met by the more important ques-tion, has the Judge of Probate power to make an allowance to himself "for his services in stating the account and making the report," and an allowance to the attornies of the creditors "for their services in this behalf"?

The Judge of Probate may be at liberty to pass as a voucher, the amount paid by the administrator to his counsel, in man-aging the estate, about this we are not called on to express an opinion. But we can find no law by which he is authorized to make an allowance to *himself* for services in the discharge of the duties of his office, this, of itself, suggests the difference between "a creditors bill," where the chancellor makes such allowance, and "a special proceeding" where if any allowance can be made it must be by introducing the anomaly of a man

estimating the value of his own services, and we can find no law by which a Judge of Probate can make an allowance to the attorney of the creditors for their services in aiding them and in aiding him in stating the account, so we conclude, that is a matter to be agreed on by the creditor who institutes the proceeding and his attorney, and in the absence of any provision by statute, it is left to the conscience of the other creditors, how far a sense of justice will permit them to take benefit from another man's outlay, without making a *pro rata* contribution.

The Code of Civil Procedure, title XII, " Of the costs in civil actions," made very liberal allowance for costs, so much so, indeed, that it was objected to, and was repealed by act 1870–'71, and we are now left to abide by the provisions of that Act set out in Battle's Revisal, chapter 105, " Salaries and Fees." In the 29th section of that chapter it is provided " Fees of Attornies, 1. In all cases in the Superior Court. 2. In all cases in the Supreme Court. 3. In other cases in the Superior Court including petitions, and in all *cases of petition* in *special proceedings* in the *Superior and Probate Courts, four dollars.*"

These are the fees allowed by law. When the questions are grave and the labor is great, the attorney and client are left to their special contract.

There is error. Judgment below reversed.

This will be certified.

PER CURIAM.                          Judgment reversed.