The petitioners, Merrimon, Fuller Ashe, and Moore Gatling, alleged: That Moore Gatling appearing in behalf of the creditors of the late Thomas P. Devereux, the plaintiffs in this action instituted the action in the Superior Court of Halifax County, on the 25th day of January, 1870, praying to have the defendants, the only heirs at law of Thos. P. Devereux, decreed to execute certain trusts in favor of the creditors of their ancestor, declared in a deed of settlement executed by the late Francis Devereux on the 3d day of July, 1839.
All the matters of law involved in said action, having been referred to the Hon. Samuel W. Watts, were heard and decided and the defendants appealed to this court. Upon the hearing this court adjudged and decreed that the plaintiffs were entitled to the relief prayed for, *Page 504 
and by an order duly made and recorded appointed John Devereux and Walter Clark, Esq'rs, trustees and Commissioners to sell all of the lands mentioned in the said deed of settlement, not disposed of by the said Thomas P. Devereux during his life, except a certain track known, etc.
The said trustees have sold the said lands under the order of the court, and have paid the proceeds into the office of the Clerk, to be held as a fund to be ultimately divided between the said creditors.
A certain bill in equity, wherein Grinifel Blake and wife and (674) others, nieces of the said Thomas P. Devereux are complainants, has been for many years pending in the Circuit Court of the United States for the Eastern District of North Carolina, claiming to charge the said lands with large sums of money alleged to have been settled upon them, by the said Francis Devereux, in her last will and testament.
The cause was referred by said court to state an account, and the said trustees and commissioners finding the labor involved in taking said account to be very great, retained the petitioners Merrimon, Fuller Ashe to assist the petitioners Moore Gatling in representing the said creditors.
The petition sets out other facts not necessary to be stated, and prays for an allowance on account of the services so rendered in taking the account, etc.
The question is decided. Patterson v. Miller, 72 N.C. 516. This court has never interfered between attorney and client in making allowances for professional services, and we are not inclined at this late day to assume the power to do so. We make allowance to a Clerk for stating an account or to a commissioner for making sales, on the ground that the work is done by order of the court. But we have never supposed that we could be called on to settle fees between client and attorney, although there be a fund in the keeping of the court.
PER CURIAM. Petition dismissed.
Cited: Gay v. Davis, 107 N.C. 270; R. R. v. Goodwin, 110 N.C. 176;Knights of Honor v. Selby, 153 N.C. 208; Durham v. Davis, 171 N.C. 307;In re Stone, 176 N.C. 343; Roe v. Journigan, 181 N.C. 183; Casket Co. v.Wheeler, 182 N.C. 469; Parker v. Realty Co., 195 N.C. 646; *Page 505 In re Will of Howell 204 N.C. 438; Ellington v. Ellington,204 N.C. 785; Crutchfield v. Foster, 214 N.C. 553; Rider v.Lenoir County, 238 N.C. 635.
(675)