* State ex rel. City of GREENSBORO v. DAVID SCOTT and others.

*Jurisdiction—Practice—Referee's Account, exception to, made in apt time.*

1. The jurisdiction given to this court by article four, section eight, of the constitution over questions of fact, does not extend to a case which under the former practice would have been an action at law and in which only errors of law could have been corrected on appeal.

2. Where a reference was ordered for an account between the parties and a report ascertaining the result prepared and submitted, an exception of the plaintiff to the allowance of a counterclaim of defendant upon the ground of its insufficiency in form, is not in apt time; and so, in respect to an exception to matters of inquiry and evidence not objected to during the progress of the examination. The exception to the allowance of commissions to the defendant constable in this case is sustained.

(*Moore* v. *Hobbs*, 79 N. C., 535; *State* v. *Shirley*, 1 Ired., 597, cited and approved.)

* Ruffin, J., was of counsel and argued this case before his appointment as associate justice.

CIVIL ACTION on a constable's bond, heard upon exceptions to the report of a referee, at Fall Term, 1879, of GUILFORD Superior Court, before *McKoy, J.*

The plaintiff appealed from the judgment below.

*Messrs. Scott & Caldwell*, for plaintiff.
*Messrs. Thos. Ruffin* and *J. N. Staples*, for defendants.

SMITH, C. J.   The defendant Scott, having been duly appointed to the office of constable by the proper authorities of the city of Greensboro, under the charter granted in March, 1870, and amended in March, 1875, on June 28th, 1876, entered into bond payable to the state in the penal sum of three thousand dollars, with the defendants, C. N. McAdoo, J. F. Cousey and Seymour Steel as sureties, with condition that " the said Scott shall well and truly discharge the duties of his office, collect all taxes levied by the board, all license tax due under the charter and ordinances, and fines and penalties imposed by the mayor, and shall, with fidelity, collect and account for all moneys due the city from any source and pay the same over to the treasurer of the city at least once a week during his term of office, and in all things faithfully and properly discharge the duties of city constable."

On November 14th, 1876, he executed another bond for the like sum, and payable to the state also, with the defendants, M. F. Hughes, Thos. McDonald and W. K. Buchanan, sureties, with condition, as well that the said Scott shall within the next three months thereafter, collect seventy-seven hundred and six dollars and twenty-five cents, the amount of the property and poll tax list then placed in his hands, as that he should also collect and account for and pay over to the city treasurer all fines and penalties accruing and all moneys due from whatever source at least once a week during his term of office, and in all other respects faith-

fully discharge his official duties. The term of office for which the bonds were given was for one year, beginning on the first Monday in May, 1876.

The action is brought to recover damages for alleged breaches of the bonds, in that the said Scott has collected and failed to account for and pay over large sums collected by him in his official capacity and due the said city. Answers were put in by the defendant Scott and separately by the sureties to the respective bonds, setting up various defences; and among them the defendant Scott sets up a counterclaim, not specifying particulars, as justly due him, which he says is in amount two thousand dollars; and this defence alone is necessary to be considered.

On motion of plaintiff's counsel and against the objection of counsel for the defendants, a reference to the clerk was ordered and he directed to take and state the account of the said Scott as constable, and report the evidence touching his liability for taxes and other matters specially set forth in the complaint, and also the relative liabilities of the sureties upon the respective bonds, and his conclusions of fact as well as of law. The report was made and exceptions thereto filed by both parties. The plaintiff's appeal brings up for consideration the judgment of the court in overruling the exceptions of the plaintiff and sustaining those of the defendants. Most of these are to the weight and sufficiency of the evidence to support the conclusions of the referee, the decision of the court upon which is not open to controversy in the appeal, since under the former practice this would have been an action at law, and errors of law only could have been corrected on an appeal. Thus narrowed, our jurisdiction is restricted to the examination of these propositions:

First, the admissibility of any counterclaim under the answer. Secondly, the competency of any proof of the matters and claims involved in the plaintiff's several excep-

tions, numbered 4, 10, 11, 13 and 14, and the legal effect of the settlement of October, 1876, in excluding enquiry into the particulars of that adjustment in the absence of any evidence directly impeaching its fairness and validity. Thirdly, the allowance of compensation as commissions to said Scott for collecting money due the city for market leases.

1. We concur with the plaintiff's counsel that the counterclaim is too indefinite to be sustained, if objection to its sufficiency had been made in apt time. A counterclaim is in substance a cross action, and we see no reason why it should not be set out with the same particularity and accuracy required in stating the cause of action in the complaint; and a complaint as vague, would be inconsistent with the requirement of the code. *Moore* v. *Hobbs*, 79 N. C., 535. But no objection was then made by demurrer or otherwise, and the matters were investigated by the referee upon a construction of the order that the referee was to ascertain the true relations existing between the city and its constable, and the resultant indebtedness of one to the other. It is too late after the examination is closed and the result ascertained to object to what has been done on the ground of the insufficiency of the form in which the opposing demand is asserted.

2. The referee adopted the settlement known as the "Gray settlement," and charged the said Scott with the sum of $2061.20, thus ascertained to be due from him. The credits allowed him in reduction of that indebtedness were many of them for errors in calculation, for double charges and incurred in omissions and in mistakes, which it is not necessary to state in detail, and, so far as they impeach the correctness of the settlement, seem to have been matters of enquiry and evidence, prosecuted without objection until the report was prepared and submitted. This acquiescence during the progress of the examination, in our opinion,

takes from the plaintiff the right to object to the action of the referee upon such ground when his work is done and its result known, and this exception must be disallowed.

3. The remaining exception to the allowance to the constable for collecting market rents must be sustained. Section 33 of the act of incorporation prescribes the duties of the constable and declares that "he shall execute all precepts lawfully directed to him by the mayor or others, and in the execution thereof, he shall have the same powers which the sheriffs and constables of the county have, and he shall have the same fees on all process and precepts executed or returned by him which may be allowed to the constable of the county in like process and precepts, *and also such other compensation as the commissioners may allow.*" The constable accepts his appointment on these conditions, and for any services, the compensation for which is not prescribed by law, he must seek from the commissioners such remuneration as they may see fit to allow. Without their concurrence, he is legally entitled to none, and it does not appear that allowance has been made by them.

The answer of the sureties to the second bond denies its execution, by which we suppose is meant the want of a legal delivery to any authorized party under the principle declared in *State* v. *Shirley,* 1 Ired., 597, and subsequent cases. The point may not be properly before us on the plaintiff's appeal, but may arise, unless concluded by the finding of the referee, when judgment is entered on the reformed account. We will only say that the act of January 26th, 1843, evidently remedial in its scope and purpose, seems to provide for the case in giving the sanction of the state to bonds taken in its own name, "by any person acting under or in virtue of any public authority for the performance of any duty belonging to any office or appointment, notwithstanding any irregularity or invalidity in the

conferring of the office or in making of the appointment," etc.; and with greater force does the statute apply when the appointment was entirely regular. Rev. Code, ch. 79, § 9.