GEORGE W. ROBBINS v. JOHN J. KILLEBREW et al.

*Arbitration —Award—Claim and Delivery—Counter-Claim Judgment—Surety— Undertaking.*

1. An agreement to submit a controversy to arbitration will be presumed to embrace every issue of law and fact necessary to its final determination.

2. It is the policy of the law to encourage and uphold the settlement of dispuets by arbitrators—they are not bound to decide according to law, being a law unto themselves.

3. An award against the sureties upon an undertaking for the redelivery of property in "Claim and Delivery" upon failure of their principal to pay a sum ascertained to be due, will be enforced by summary judgment against them.

4. It is too late, after submission to arbitration, to object that a counter-claim has been improperly pleaded; the objection should have been taken by demurrer or otherwise, in apt time.

(*Lusk* v. *Clayton,* 70 N. C., 184; *Leach* v. *Harris,* 69 N. C., 532; *Jones* v. *Frazier,* 1 Hawks, 379; *Greensboro* v. *Scott,* 84 N. C., 184; *Council* v. *Averitt,* 90 N. C., 168; cited and approved).

CIVIL ACTION, tried at February Term, 1886, of WILSON Superior Court, before *Philips, Judge.*

The action was brought for an injunction against defendants, to prevent the sale of a steam engine and fixtures, advertised under a claim for balance due the defendants on the purchase price, by virtue of the following paper writing executed by plaintiff :

"It is hereby perfectly understood that the title to the engine, saw-mill and fixtures, for which I have this day given my notes to Messrs. Killebrew & Bullock, amounting to in principal twenty-one hundred dollars, remains in said Killebrew & Bullock, until the whole purchase money is paid. This 29th July, 1881."

The plaintiff alleged fraudulent representations on the part of defendants, inducing plaintiffs to give a much larger price for the engine and fixtures than they were worth. The answer denied these allegations, and the injunction was vacated and cause continued to the hearing.

On the 6th of May, 1885, the defendants made an affidavit, alleging that they were owners of and entitled to the immediate possession of the said steam mill, &c., and gave bond and obtained an order for the delivery of the property to them. And thereupon the plaintiff gave an undertaking, with J. J. Sharpe as surety, in the sum of $3,000, conditioned for the delivery of the property to defendants, if such delivery be adjudged, and that the defendants should be paid such sums as may, for any cause, be recovered against the plaintiff in this action.

No complaint or answer was filed in the claim and delivery action, and no summons issued, save that in plaintiff's original action, and no reference made to it in the pleadings.

At Fall Term (November 2, 1885), the following order was made at the instance of the defendants : "On motion, with consent of plaintiff and J. J. Sharpe, surety to the bond filed by plaintiff, it is ordered by the Court, that this cause be referred to Thomas S. Kenan and Thomas H. Battle, as arbitrators. After

giving due notice to the parties, said arbitrators shall hear said cause, and make their award, and file the same with the Clerk, *and upon said award judgment shall be entered as of next Term."*

On the 17th of December, 1885, the arbitrators heard the case, and reported : "The arbitrators do find that the plaintiff is indebted to the defendants in the sum of $70.22, with interest at 8 per cent. from 16th of January, 1884, and in the further sum of $700, with interest at 8 per cent. from 29th of July, 1881, which said sums the defendants are entitled to recover from the plaintiff, together with the costs of this action." '

At February Term, 1886, the attorneys for the defendants, upon the coming in of the report, moved for judgment against the plaintiff and J. J. Sharpe, his surety on the claim and delivery bond, for the amount of the debt found to be due from plaintiff and for foreclosure by sale of the steam engine, etc. To this the plaintiff objected, as transcending the award of the arbitrators. After argument, the Judge made this further order, to-wit: "The arbitrators having filed an award fixing only the amount due to the defendants from the plaintiff, it is re-submitted, by consent of the attorneys, to the arbitrators, to find all other issues of law and of fact involved in this case, and to file their report at as early a day as practicable."

On the 8th of February, 1886, (second week of the term) the arbitrators filed the following report, to-wit: "That the defendants are entitled to judgment for a sale of the property described in the pleadings, the proceeds thereof to be applied to the payment of said indebtedness found due the defendants in former award, and to judgment against G. W. Robbins and J. J. Sharpe in the sum of $3,000.00, to be discharged upon the payment of any sum remaining due to defendants, after the appropriation of the proceeds of said sale to said indebtedness and costs of action."

Upon the coming in of which report, by judgment of the Court, the report was confirmed, and sale of the property ordered, and from this judgment the plaintiff appealed to the Supreme Court.

Before the entry of said judgment and in opposition thereto, the plaintiff excepted to said award, for that the arbitrators had, in directing judgment for sale of the property described in the pleadings, and judgment against Robbins and Sharpe in the sum of $3,000, to be discharged as therein set forth, exceeded their power under the submission; and for that the said award and judgment are erroneous in passing upon matters not in issue.

*Mr. H. F. Murray*, for the plaintiff.
*Mr. Jacob Battle*, for the defendants.

ASHE, J. (after stating the facts). The only exceptions taken by the plaintiff to the award of the arbitrators are: *First*, that they award that the defendants are entitled to a sale of the property described in the pleadings, and *secondly*, that they are entitled to judgment against Robbins and Sharpe in the sum of $3,000, to be discharged upon the payment of any sum remaining due after the application of the amount raised by the sale. He contends that the arbitrators transcended in this respect, the power given to them by the order of reference.

The order of reference in this case, does not state, in so many words, that the award of the arbitrators shall be a *rule* of Court, but it does state that *judgment shall be entered upon the award*, which necessarily makes it a rule of Court. *Lusk* v. *Clayton*, 70 N. C., 184.

As by the contract the defendants were to retain the title to the property until the price was paid, the object and effect of that stipulation, was to give the defendant a security for his debt, and was in the nature of a mortgage on the property to secure the payment of the price, and without express authority for such a course, the defendant was entitled, *ex æquo et bono*, to have a judgment for the sale of the property. It is well settled, that arbitrators are not bound to decide a case "according to law," being a law unto themselves, but may decide according to their notions

of justice, and without giving any reason. *Leach* v. *Harris*, 69 N. C., 52. They are a law unto themselves. *Jones* v. *Frazier*, 1 Hawks, 379.

The policy of the law is in favor of settlements by arbitrators, and their awards should be sustained whenever it can be done consistently with the rules of law. If no reservation is made in the agreement of submission, the parties are presumed to agree that every consideration of law and fact which can affect the final and ultimate decision of the cause, is included in the authority of the arbitrators, and is matter proper for their determination. They are not bound to decide upon mere dry principles of law, but may decide upon principles of equity and good conscience, and may make their award *ex æquo et bono.* 2 *Story Eq. Jur.*, §1454; *Johnson* v. *Nobor*, 38 Me., 487. We are of opinion, considering the broad terms of the order of re-commitment, that the arbitrators in this particular have not transcended their authority.

The second matter excepted to, was evidently embraced within the order of reference. In the first report, only the amount of the indebtedness of the plaintiff to the defendant had been awarded by the arbitrators, and when the defendants moved for judgment on the claim and delivery bond, for the amount of the debt found to be due, and for foreclosure by a sale, the plaintiff objected, on the ground it would transcend the award of the arbitrators. Therefore, with the consent of the attorneys on both sides, the matter was resubmitted to the arbitrators, to find all other issues of law and fact involved in the case.

The recommitment of the case to the arbitrators would therefore, under the circumstances, to say nothing of the scope and meaning of the order itself, seem especially intended to embrace the question of foreclosure by sale. But if that were not so, the language of the second order is broad enough to cover it.

*All issues of law and fact* involved in the case are submitted. The defendant having pleaded a counter-claim, the question whether the defendant should have judgment on the bond of the

plaintiff, was entirely a question of law involved in the case. The fact that the counter-claim of claim and delivery was imperfectly pleaded, can make no difference in this case, for no objection was made to its form, by demurrer or otherwise, and in such case, it is too late after a reference to object to the matter of form. *Greensboro* v. *Scott*, 84 N. C., 184. And although the judgment in such a case, should strictly be in the alternative, it may be by *consent* of parties to the judgment, a judgment for a sum certain without the alternative judgment for the return of the property. *Council* v. *Averett*, 90 N. C., 168. But when the question is submitted to arbitration, it gives a discretion to the arbitrators which is equivalent to *consent*. And such a judgment is binding on the surety, and a summary judgment may be entered against him. *Council* v. *Averett, supra.*

Our conclusion is, there is no error, and the judgment of the Superior Court is therefore affirmed.

No error. Affirmed.