SUPREME LODGE KNIGHTS OF HONOR v. BENJAMIN R. SELBY et al.

(Filed 12 October, 1910.)

1. Interpleader — Pleadings — Defect of Statement — Procedure — Demurrer.

   A defect of overstatement in a bill of interpleader is waived by answers of the parties defendant, such defect should be availed of by demurrer.

2. Interpleader—Pleadings—Tender—Interest.

   An assessment life insurance company having filed its bill of interpleader avowing its readiness to pay into court the amount of its policy claimed by two contestants, is assumed, nothing else appearing, to have continued ready and able to pay upon the order of court, and is not chargeable with interest on the amount by reason of delay caused by litigation, in favor of the successful defendant.

3. Interpleader— Attorney's Fees.

   A successful interpleader is not entitled to reasonable attorney's fees incurred in litigation over the funds held by it as a stakeholder.

APPEAL from *Guion, J.,* at the February Term, 1910, of WILSON.

The Supreme Lodge Knights of Honor is a fraternal bene-

ficiary association under the laws of the State of Missouri, issuing benefit certificates to its members. The member has the right to designate a beneficiary, but the right of revocation is reserved, and the by-laws provide that, if all the beneficiaries designated by the member die before the decease of such member, if no other benefit certificate has been procured by him, the benefit shall be paid to the widow and children of the member, and if no widow, then to his children.

One John Selby became a member of the order and received a benefit certificate for the sum of two thousand dollars ($2,000), and died on 4 December, 1908. At the time of his death he was a member in good standing in appellant's said order, and appellant became bound to pay the amount of the benefit certificate to whomsoever should be lawfully entitled thereto.

The benefit certificate was payable to the wife of the member, Esther Selby, who died in his lifetime, and at the time of his death, Selby had not obtained a new benefit certificate. He left no widow, but three children, namely, the defendants Benjamin R. Selby, Susan B. Rierson and Minnie B. Walls. After the death of Selby, the said children made demand on appellant for the payment of the amount of the certificate to them. They resided in Wilson County. About the same time the defendant, Smyth Bros., McCleary-McClellan Co., a corporation, with headquarters at Richmond, Va., made demand on appellant for the payment of the amount of the benefit certificate to it, claiming that in his lifetime said John Selby delivered and pledged to said corporation the said benefit certificate to secure advances made by it to him; that the said benefit certificate was always and then was in its possession, and that said company had paid all assessments and premiums on said benefit certificate for a period of four years, and that the amount of the indebtedness of Selby to the company at the time of his death largely exceeded the amount of said certificate, and said company threatened to sue plaintiff for the said amount unless the same was paid to it.

On the first day of March, 1909, the appellant filed in the Superior Court of Wilson County its action against the respective claimants of this fund, making as additional parties the husbands of the defendants, Mrs. Rierson and Mrs. Walls.

The Virginia corporation entered its appearance in such suit of interpleader in Wilson County, so that all questions might be determined in the one suit.

The plaintiff, in its complaint filed, prayed that it might be allowed to pay into court the sum of $2,000 and stand discharged from any and all liability; and that the defendants be required to litigate their claims to the same; and that it be allowed its costs and reasonable attorney's fees. The children of John Selby answered admitting the allegations of the complaint except that the plaintiff was a mere stakeholder; stated their right to the fund and demanded judgment against the plaintiff for the amount and interest and costs, and denied its right to be allowed attorney's fee. The corporation defendant filed answer and stated its claim to the fund. There was no order made before the final judgment, requiring the plaintiff to pay the fund into court and the defendants to interplead. Upon the admissions in the pleadings his Honor adjudged that the children of John Selby were entitled to the fund, and gave judgment against the plaintiff for the amount, with interest from 4 March, 1909; denied the motion of plaintiff for allowance of attorney's fees, and taxed the costs against the defendant corporation. The plaintiff excepted to the judgment because it awarded interest against it, and because its motion for attorney's fees, fixed at $25, was disallowed, and appealed to this Court.

*Pou & Finch* and *F. H. Bacon* for plaintiff.
*Connor & Connor* for defendant.

MANNING, J. In 4 Pomeroy's Equity Jurisprudence (3rd Ed.), sec. 1322, the learned author thus states the essential elements required to invoke the equitable jurisdiction of the court by a bill of interpleader or a complaint as a substitute for the bill: "1. The same thing, debt or duty, must be claimed by both or all the parties against whom the relief is demanded. 2. All their adverse titles or claims must be dependent, or be derived, from a common source. 3. The person asking the relief—the plaintiff—must not have nor claim any interest in the subject-

matter.   4. He must have incurred no independent liability to either of the claimants, that is, he must stand perfectly indifferent between them, in the position merely of a stake-holder." And in speaking further in sec. 1328 of the averments of the bill, the same author says: "The bill need not show an apparent title in either of the defendants.   On the contrary, if the bill should show that plaintiff was fully informed of the defendant's rights and of his own liability, or if it should show that one of the defendants was certainly entitled, on the facts alleged, to the thing, debt or duty, in either case it would be demurrable; there would be no ground for an interpleader."   Citing, among other cases, in the note the case of *Barker v. Swain,* 57 N. C., 220. Such is the defect in the present complaint, a defect of over-. statement of the plaintiff's case, but neither of the defendants demurred to it; they both answered and set up their conflicting claims to the fund, and we think by so doing waived this defect. For such defect the proper pleading would have been a demurrer, and this not having been interposed, it cannot now be taken advantage of, and we must, for the purposes of the action, treat the complaint as a sufficient bill of interpleader, and determine the questions presented accordingly.   *Printing Co. v. McAden,* 131 N. C., 178; *Ladd v. Ladd,* 121 N. C., 118; *Knowles v. R. R.,* 102 N. C., 59; *Halstead v. Mullen,* 93 N. C., 252. The complaint having been filed and the contesting claimants regularly brought into court, the first question presented in the due and orderly course of procedure, upon a demurrer filed by either or all of the defendants, was the sufficiency of the complaint as a bill of interpleader.   This being determined, the court should have ordered the plaintiff to pay the amount into court and the defendant to interplead.   No such order was entered nor does it seem to have been asked for.   If, upon demurrer, the complaint had been adjudged insufficient as a bill of interpleader, then the action would have been dismissed and the defendants left to assert their respective rights against the plaintiff in any way they might have been advised.   The contesting defendants, however, filed answer stating their respective claims for and upon the fund.   The plaintiff was prompt in bringing this action and in filing its complaint; it offered therein

to pay the money into court, and prayed thereupon to be discharged from further liability. If an order directing payment to be made into court had been made and the plaintiff had failed to comply, then it would have been proper to charge it with interest for such default. The plaintiff being an assessment company, and having avowed its readiness to pay the amount of the certificate into court, and nothing appearing in the record to the contrary, we must assume that it continued ready to pay the same into court at any term when it was so ordered. There were five of these terms between the return term and the term at which the judgment was rendered, at any one of which it was competent for the court to make such an order. It is not suggested that the plaintiff invested the assessments collected to pay this certificate, or that it received any interest on this fund. We think, therefore, his Honor ought not, upon the facts presented, to have charged the plaintiff with interest on the amount of the benefit certificate. The case is somewhat analogous to a proper tender of money; this stops interest, the reason being that the person to whom the tender is made is in the wrong in declining to receive it. In this case the conflicting claims for the fund justify the plaintiff, as a mere stakeholder, in appealing to the court to compel the claimants to litigate their claims.

We do not think there was any error, however, in the ruling of his Honor, disallowing an attorney's fee to the plaintiff, to be paid out of the fund, and ultimately to be taxed against the unsuccessful defendant. We do not think such practice has obtained in this State. In *Gay v. Davis,* 107 N. C., 269, this Court said: "There is no statutory provision in this State that has been brought to our attention, or within our knowledge, that prescribes or authorizes an allowance of compensation directly to the counsel of commissioners charged with a particular duty by an order of the court, or otherwise, or to counsel of trustees, whatever may be the nature of the trusts wherewith they may be charged. Nor is there any general rule of practice prevailing in courts that permits such allowances to be made. In the absence of statutory provision, the courts, in the exercise of chancery powers, make allowances to commissioners and trustees in appropriate cases, and such allowances are sometimes enlarged

so as to embrace reasonable compensation to counsel of such commissioners or trustees, in cases where counsel is necessary to a proper discharge of their duties; but in such cases the courts are careful to see that the services were necessary; that the charges are reasonable and are charged against the proper parties." *Mordecai v. Devereux,* 74 N. C., 673; *R. R. v. Goodwin,* 110 N. C., 175; *Chemical Co. v. Johnson,* 101 N. C., 223; *Patterson v. Miller,* 72 N. C., 516; *Devane v. Royall,* 52 N. C., 426; *Moore v. Shields,* 69 N. C., 50; *State ex rel Whitford v. Foy,* 65 N. C:, 265. In the case last cited this Court said: "It is not disputed that a trustee may, if necessary, and ought to employ counsel to advise him in the execution of his trust, at the expense of the trust fund. This is considered settled here, although in some of the States a contrary doctrine prevails." The plaintiff, in the present case, cannot be regarded as a trustee. As modified, the judgment is affirmed. The costs of this appeal will be divided equally between the plaintiff and the children of John Selby.

Modified and affirmed.

JUSTICE BROWN did not sit upon the hearing or decision of this case.