## METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Plaintiff,

### v.

## Clarence JORDAN et al., Defendants.

### Civ. No. 1806.

United States District Court
W. D. North Carolina,
Charlotte Division.

Heard Aug. 27, 1963.

Decided Sept. 16, 1963.

John S. Cansler, Charlotte, N. C., for plaintiff.

Charles V. Bell, Charlotte, N. C., for defendants other than Margaret L. Jordan.

Thomas H. Wyche, Charlotte, N. C., for defendant Margaret L. Jordan.

CRAVEN, Chief Judge.

This is an interpleader action brought by plaintiff Metropolitan Life Insurance Company wherein Metropolitan has paid into the court the sum of $6,000.00 representing the entire proceeds of a policy of insurance on the life of Luther James Jordan, deceased. Metropolitan asks that it be discharged from any and all liability in this case and under its policy. It is entitled to summary judgment. In addition, Metropolitan moves the court that it be awarded its "reasonable costs and counsel fees."

■ The implication: that "costs" do not ordinarily include counsel fees is correct.[1]

■ Rule 54(d) of the Federal Rules of Civil Procedure does not define "costs". In North Carolina, attorneys' fees are not part of the "costs" of litigation, nor is it the practice in this state, even in an interpleader case, to tax against the unsuccessful defendant an attorney's fee for the plaintiff to be paid out of the fund. Supreme Lodge Knights of Honor v. Selby, 153 N.C. 203, 69 S.E. 51 (1910).

■ The rules as to costs and attorneys' fees in an interpleader brought under the federal statute are no different from those that prevail in an ordinary equity interpleader. Globe Indemnity Co. v. Puget Sound Co., 154 F.2d 249 (2d Cir., 1946). If payable out of the fund, such attorneys' fees ought to be ultimately paid by the party whose claim has been adjudged groundless and whose assertion of the claim necessitated the interpleader. But the imposition of costs in equity is discretionary, and is a discretion which, in the absence of special circumstances, should be exercised in accordance with the usual practice. Ibid. Beyond question, the usual practice in North Carolina is to deny counsel fees.

Since Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a number of federal courts have indicated that in a diversity case a federal court should follow the state practice in respect to the allowance of attorneys' fees. Cited for this proposition in Bank of China v. Wells Fargo Bank & Union Trust Co., D.C., 104 F.Supp. 59 (1952), are the following authorities, the first of which, it will be noted, is from the Court of Appeals for the Fourth Circuit:

> Board of Education of Raleigh County, W. Va. v. Winding Gulf Collieries, 4 Cir., 1945, 152 F.2d 382, 386; American Casualty Co. v. Harrison, D.C.W.D.Ark.1951, 96 F.Supp.

537, 551; Illinois Bankers Life Assurance Co. v. Blood, D.C.N.D.Ill. 1947, 69 F.Supp. 705; Danville Building Association of Danville, Ill. v. Gates, D.C.E.D.Ill.1946, 66 F. Supp. 706.

Diversity of citizenship is an essential element for the jurisdiction of the court under 28 U.S.C.A. § 1335, so that the ordinary rules under Erie Railroad appear to be relevant to an action brought under this statute. Although the federal court's jurisdiction is original, it is not exclusive, and but for the difficulty of obtaining service of process effectively, this case might well have arisen and been determined in the Superior Court of North Carolina. Facially, there seems to be little reason why allowance of counsel fees should be determined by whether the interpleader was prosecuted in the state or federal forum. In the interest of uniformity of outcome, the court is of the opinion that as a matter of comity it ought to defer to the long established law of North Carolina that counsel fees are not taxed in a proceeding such as this one. See: Rios v. Drennan, D.C., 209 F.Supp. 927 (1962).

■ The major costs here involved, attorneys' fees, are those "historically beyond the scope of taxable costs and their award necessarily postulates a permitting statute or an equitable discretion in the trial court." Brisacher v. Tracy-Collins Trust Co., 277 F.2d 519, 523 (10th Cir., 1960). That discretion is "appropriate only in exceptional cases and for dominating reasons of justice." Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939). None appear in the instant case sufficient to override the historic North Carolina aversion to the taxation of attorneys' fees

■ Metropolitan urges it is an innocent stakeholder. But the defendants are innocent claimants—children of the deceased on the one hand and purported.

1. See Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 780, 83 L. Ed. 1184 (1939), for historical explanation of "party and party" as compared with "solicitor and client" costs.

widow on the other. There is no intimation that either claim is fraudulent or fictitious. To tax the fund with Metropolitan's attorney's fee is only the initial step: ultimately, it must be retaxed against the losing claimant—even though, strictly speaking, counsel fees are not "costs". 48 C.J.S. Interpleader, § 50d. Indeed, failure to do so will have exactly the same effect as taxing the stakeholder's counsel fee against the winning claimant—contrary to common sense and the spirit of Rule 54 of the Federal Rules of Civil Procedure.

The competing claims here are the result of the policyholder's failure to designate a beneficiary. Should failure to designate diminish the face amount of the policy to the extent of Metropolitan's counsel fee? Can it fairly be assumed that the policyholder contemplated such a result—or even was aware of it? Is there an incongruity in the result sought: that the costs of processing and determining the easy claims fall on Metropolitan and the hard ones on policy claimants?

Reasonable counsel fees frequently amount to substantial sums of money. Risk of being saddled with such expenses, in addition to paying one's own lawyer, would tend to quiet just claims—ones that ought to be asserted—which is, perhaps, the underlying reason for the North Carolina rule and a sufficient reason for adhering to it.

It has been judicially noted that the authorities are not in entire accord on the question of the allowance of attorneys' fees in interpleader proceedings. 48 C.J.S. Interpleader § 50b (2). Reconciliation of the cases is difficult if not impossible. In Treinies v. Sunshine Mining Co., 99 F.2d 651 (9th Cir., 1938), the Court of Appeals for the Ninth Circuit affirmed the district court's decree awarding the interpleader attorneys' fees without discussion or citation of authority other than Massachusetts Mutual Life Insurance Co. v. Morris, 61 F.2d 104 (9th Cir., 1932). But, the law of the Morris case is simply that "an interpleading plaintiff *may* be allowed costs, including reasonable attorney's fee, out of the fund deposited in court." (Emphasis added.) In Morris, upon the district court's findings of facts, including the findings that "the doubt and uncertainty as to the merits of the respective rights of the defendants * * * was so great that plaintiff should not be compelled to determine said rights" and * * * "that it is not proper that plaintiff should be required to take the risk of so deciding" * * * (as between claimants), the court then decided that plaintiff was entitled to the allowance of a reasonable attorney's fee.

New York Life Insurance Co. v. Miller, 139 F.2d 657 (8th Cir., 1944), is a *per curiam* opinion relied on by the plaintiff. With little discussion, the court simply held "We think that the appellant was entitled to an allowance for attorneys' fees out of the fund deposited in the registry of the court", citing Mutual Life Insurance Co. v. Bondurant, 27 F.2d 464, 466 (6th Cir., 1928) and Hunter v. Federal Life Insurance Co., 111 F.2d 551, 557 (8th Cir., 1940). But, in Bondurant, supra, no reason is advanced for allowing the stakeholder reasonable attorneys' fees. The court simply concluded that nothing in the jurisdictional act evidenced an intent "that the rules as to costs and attorney's fees in a statutory interpleader should be different from those that prevail in the ordinary equity interpleader whether it be in the federal or state courts." Hunter v. Federal Life Insurance Co., supra, does *not* hold that a plaintiff in interpleader is entitled to counsel fees; all that is held is that the district court had the *power* to award attorneys' fees and that on the facts of the case there was no abuse of discretion in connection with the exercise of that power in the favor of the interpleader. Although affirming the award of counsel fees, the court commented that "under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel".

An appropriate judgment will be entered in accordance with this opinion allowing Metropolitan to recover its ordinary court costs and denying its motion to recover its "solicitor and client" [2] costs.