RICHARDS *against* SALTER and others.

A bill of interpleader may be filed, though the party has not been sued at law, or has been sued by one only of the conflicting claimants, or though the claim of one of the defendants is actionable at law, and that of the other in equity.

On a bill of interpleader, the right may be decided in favour of one defendant, against the other; and if one defendant establishes a title, and the other makes default, the Court will decree payment to the one, and award a perpetual injunction against the other.

Where one of the defendants was held entitled to the fund, which had been paid into Court by the plaintiff, on obtaining an injunction against the suit at law, the other defendant, who, by setting up a groundless claim, had compelled the plaintiff to resort to a bill of interpleader, was ordered to pay the *costs* of the other defendant, whose claim was established; and, also, the *costs* of the plaintiff, in this Court, and in the suit at law, which were directed to be paid out of the fund in Court, in the first instance. And the plaintiff, having offered to pay, on being indemnified, and that being refused, had filed his bill, with reasonable diligence, was not charged with *interest* on the money deposited in Court.

BILL of interpleader, filed *September* 17th, 1821, sta- *December 10.* ting, that, on the 26th of *June*, 1821, the plaintiff purchased of the defendant, *Salter*, a cargo of coal, then on board of a vessel, at ten dollars per chaldron, amounting to 1125 dollars, payable in a note at thirty days. The coal was delivered to the plaintiff, who paid *S.* one hundred dollars on account. That the defendants, *P. & S. Schermerhorn*, afterwards, issued an attachment against *William Williams*, as an absent debtor, and the defendants, *Ferdon & Brown*, caused another attachment to be issued against *W.*, as an absconding debtor, and warrants were issued, in the usual form, to the Sheriff of *New-York*, who gave notice to the plaintiff not to pay over to any person, except the Sheriff, any property or money of *W.*, and the

plaintiff was informed by the Sheriff, and the attorneys of the defendants, *P. & S. Schermerhorn*, and *F. & B.*, that the coal so purchased by him was the property of *W.*, for whom the defendant, *S.*, was only an agent, and that the plaintiff would be held liable, if he paid the residue of the money to *Salter*. That the plaintiff applied to the defendants for leave to pay the money to *Salter*, without responsibility; and he, also, applied to *Salter*, to relieve or secure him against the operation of the attachment, and any further responsibility, which they, respectively, refused to do; and that *Salter* had commenced a suit at law against the plaintiff to recover the money. The plaintiff averred, that he has always been ready to pay the money, if he could safely do so, and offered to pay it into Court. He prayed for an injunction to restrain the suit at law, and for relief generally. The bill was accompanied with the usual affidavit, denying any collusion, and indemnity, &c. Upon the plaintiff's paying the money into Court, an injunction was granted.

The defendant, *Salter*, answered, admitting the facts stated in the bill, and stating, that the cargo of coal was shipped to him by *W.*, but the net proceeds were directed to be paid to *William Cole*, of *Baltimore*, to whom *W.* was indebted; and he set forth the bill of lading, letter of advice, &c. He, also, set forth his account for disbursements and expenses, amounting to 754 dollars and 45 cents, for which he claimed to have a *lien* on the proceeds of the cargo, in Court. He stated, further, that the attachments issued had been levied on another cargo of coal, under similar circumstances, and a claim of property having been interposed by him, and tried before the Sheriff, it was decided in his favour.

The bill was taken *pro confesso* against the other defendants.

*November* 27, 1822. The cause was brought to a hearing on the bill, and the answer of *Salter*.

*C. W. Sanford*, for the plaintiff.

1822.

RICHARDS
v.
SALTER.

*Wells*, contra. He cited 2 *Bro.* 149. - 1 *Dickens*, 291. 2 *Ves.* jr. 101. 6 *Ves.* 418. 2 *Ves. & Beames*, 412.

THE CHANCELLOR. This suit is brought to a hearing upon the bill and answer of the defendant, *Salter;* the bill as to the other defendants being taken *pro confesso*.

There can be no doubt, that the bill of interpleader was filed in a case proper for it. The defendants respectively claimed the debt in question, and had forbidden the plaintiff to pay over the money to the adverse claimant, and all indemnity to the plaintiff was denied, and the defendant, *Salter*, had commenced a suit at law. The bill of interpleader is equally proper, though the party be not actually sued, or be sued by one only of the conflicting claimants, or though the claim of one defendant be actionable at law and the other in equity. (*Morgan* v. *Marsack*, 2 *Merrivale*, 107. *Angell* v. *Hadden*, 15 *Ves.* 244. *Fairbrother* v. *Prottent*, 1 *Daniell*, 64.)

The defendant, *S.*, has answered, and set forward his right and title to the money, and the other defendants have not supported their claim. Upon this bill, the question of right may be decided in favour of one defendant against another. If one defendant establishes a title, and the other makes default, the Court will decree payment to the former, and a perpetual injunction against the latter. This was so done in *Bolton* v. *Williams*, (3 *Bro.* 297.) and also in *Hodges* v. *Smith*, decided by Lord *Kenyon* as Master of the Rolls. (1 *Coxe's Cases*, 357. and S. C., cited by Sir *William Grant*, in *Angell* v. *Hadden*, 16 *Ves.* 203.)

The defendant, *S.*, is entitled to the fund, subject to the plaintiff's costs; and the other defendants, who have set up a groundless claim, and by that means compelled the plaintiff to resort to his bill of interpleader, and put the

1822.

RICHARDS
v.
SALTER.

defendant, S., to the necessity of defending this suit, ought to pay to the defendant, S., his costs of this suit, as well as the costs of the plaintiff, which the defendant, S., is, in the first instance, obliged to pay out of the fund in Court. The defendant, S., ought not to be permitted to go on with his suit at law, for the plaintiff having, with all reasonable diligence, resorted to this Court, and paid the money into Court, after in vain calling on the defendant, S., for indemnity, and having offered to pay upon that reasonable condition, is not chargeable with interest on the money so deposited. The other defendants ought to be perpetually enjoined from prosecuting the plaintiff upon their claim under the attachments. And there is no sufficient ground for a charge of delay in the prosecution of this suit by the plaintiff. It was in the power of the defendant to have quickened his steps, if he had deemed the plaintiff unreasonably dilatory.

This direction, as to the costs, is agreeable to the settled practice of the Court. In the case of *Hodges* v. *Smith*, already cited, Lord *Kenyon* allowed the plaintiff to retain his costs out of the fund, and directed that the defendant, who made default, should pay to the other defendant, whose claim was established, his costs of the defence, and that he should also pay the plaintiff's costs, so retained. So, also, in *Henary* v. *Key*, (*Dickens' Rep.* 291.) the defendants severally demanded of the plaintiff a sum of money, and sued him at law. He filed a bill of interpleader, and paid the money into Court. The cause was heard, and the plaintiff had his costs of the suit in Chancery, and also at law, out of the fund; and the defendant, who could not support his claim, was ordered to pay to the other defendant his costs, and also the costs which the plaintiff had taken out of the fund. The same thing had been done by Lord *Talbot*, in *Bladwell* v. *Reeves*, as cited in a note to this case, by Mr. *Dickens*. In the subsequent case of *Aldrich* v. *Thompson*, (9 *Bro.* 149.) Lord *Thurlow* allowed

the plaintiff his costs out of the fund in Court, and the like order was made by Lord *Eldon*, in *Aldridge* v. *Mesner;* (6 *Ves.* 418.) and he observed, that if there was no fund in Court, costs would be given against that defendant who occasioned the bill, and was wrong in the interpleader.

Notwithstanding what was said by Lord *Thurlow*, in *Dawson* v. *Hardcastle*, (1 *Ves.* jun. 368.) costs on an interpleading bill are given as between the defendants. The counsel in that case referred to a decision by Lord *Kenyon*, in which he had made the defendant, who was in the wrong, pay all the costs of the suit; and he probably alluded to the case of *Hodges* v. *Smith.* So, in *Coutan* v. *Williams*, (9 *Ves.* 107.) the Chancellor gave to the plaintiff his costs both at law and in equity, and with liberty to retain them out of the fund, and that the one defendant should pay to the other the costs so paid to the plaintiff, and the costs of the other defendant to be taxed.

I shall, accordingly, decree, that the plaintiff be paid his costs of this suit, and of the suit at law, out of the fund, and that the residue be paid over to the defendant, *Salter*, and that the injunction heretofore issued, staying the suit at law, of *Salter*, against the plaintiff, be perpetual, and the other defendants be perpetually enjoined from prosecuting the plaintiff at law, for the moneys so deposited in Court, and that those other defendants pay to the defendant, *Salter*, his costs of this suit, to be taxed, and also the costs so allowed to the plaintiff, out of the fund.

Decree accordingly.