## LOUISIANA STATE LOTTERY Co. *v.* CLARK and others.*

*(Circuit Court, E. D. Louisiana. February, 1883.)*

1. INTERPLEADER.
    When two or more persons claim the same thing by different or separate interests, and another person, not knowing to which of the claimants he ought of right to render a debt or duty, or to deliver property in his custody, fears that he may be hurt by some of them, he may exhibit a bill of interpleader against them.

2. COUNSEL FEES—REV. ST. § 824.
    The fee bill is intended to regulate only those fees and costs which are strictly chargeable as between party and party, and not to regulate the fees of counsel, and other charges and expenses, as between solicitor and client, nor the power of a court of equity, in cases of administration of funds under its control, to make such allowances to the parties out of the fund as justice and equity may require.
    *Trustees* v. *Greenough*, 105 U. S. 535, 536.

On Motion for Rehearing on Allowance of Counsel Fees.

Simon Silverman instituted suit in the state court against the Louisiana State Lottery Company, claiming that he was the true and lawful owner of a certain half ticket of the lottery company which had drawn a prize of $30,000, of which he had been unlawfully dispossessed, and procured a writ of injunction enjoining the lottery company from paying the prize to any other person, and prayed for a judgment against the lottery company for the amount of the prize. Subsequently Clem. C. Clark instituted another suit in the same state court, upon said lottery ticket, alleging that he was the true and lawful owner thereof, and prayed for judgment against the lottery company for the amount of the prize, and made Silverman a party defendant. The lottery company removed both suits to this court, and then filed the bill of interpleader in this case against both Silverman and Clark, admitting that the lottery ticket had won the prize claimed, and its liability to pay the same, but averring that it did not know which was the proper party to whom it should pay the same, and prayed for a writ of injunction compelling Silverman and Clark to litigate their respective claims in this suit, etc. After considerable testimony had been taken, Silverman and Clark compromised and adjusted their differences, and obtained an order upon the lottery company to pay over the money, and thereupon the court made an order, contradictorily with the defendants, allowing the lottery

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

company counsel fees for bringing this suit. Defendants then moved for a rehearing.

*John D. Rouse* and *William Grant,* for complainant.

*D. C. & L. L. Labatt* and *Henry C. Miller,* for defendants.

PARDEE, J. "When two or more persons claim the same thing by different or separate interests, and another person, not knowing to which of the claimants he ought of right to render a debt or duty, or to deliver property in his custody, fears that he may be hurt by some of them, he may exhibit a bill of interpleader against them." Daniell, Ch. Pr. 1560; Story, Eq. 806.

The bill of interpleader, then, was properly filed in this case.

"The fee bill is intended to regulate only those fees and costs which are strictly chargeable as between party and party, and not to regulate the fees of counsel and other charges and expenses as between solicitor and client; *nor the power of a court of equity in cases of administration of funds under its control to make such allowance to the parties out of the fund as justice and equity may require.* And the act contains nothing which can be fairly construed to deprive the court of chancery of its long-established control over the costs and charges of the litigation to be exercised, as equity and justice may require, *including proper allowances to those who have instituted proceedings for the benefit of the general fund." Trustees* v. *Greenough,* 105 U. S. 535, 536. In that case it is further declared that in litigation upon railroad mortgages, where funds have been subject to the control of the court, "it has been the practice, as well in courts of the United States as in those of the states, to make fair and just allowance for expenses and counsel fees to the trustees, *or other parties promoting the litigation, and securing the due application of the property to the trusts and charges to which it was subject;"* and that "such allowances, if made with moderation and a jealous regard to the rights of those interested in the fund, are not only admissible, but agreeable to the principles of equity and justice."

In the case before us a mere stakeholder, without fault himself, in possession of a fund claimed entire by contending parties, (but, as the result shows, with equal rights and claims thereto,) brings the same into court, thereby *promoting the litigation* and securing the due application of the property. From the nature of the contending claims and the circumstances of the case he incurs expense and counsel fees in bringing the fund into court. There is no equity in compelling him to bear these charges. On the contrary, the parties who have benefited thereby should bear them. And this we understand to be

in accord with the principles laid down in the case of *Trustees* v. *Greenough, supra,* which are merely declaratory of the general rules controlling courts of equity in cases like this. As to the moderation of the allowance made by the chancellor, no showing is made here; the only point decided at this time being as to the authority to allow any fee. We see no reason to disturb the order heretofore made in this case, and the rehearing will be denied.

BILLINGS, J., concurs.