McNAMARA et al. v. PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK et al.

(Circuit Court of Appeals, Fifth Circuit. April 22, 1902.)

No. 1,113.

1. ACTIONS—INTERPLEADER—BILL—DEMURRER—EQUITY.
    Where a bill is good as in the nature of a bill of interpleader, and shows equities in favor of complainant entitling it to relief, a demurrer thereto should be overruled, even though it be not good as a pure bill of interpleader.

2. SAME—DEFAULT—INJUNCTION—COSTS.
    Where one defendant in a bill of interpleader establishes his title, and the other makes default, the court will decree payment of the fund, less

plaintiff's costs, to the former, and a perpetual injunction against the latter, and also that he pay the costs of the former, together with the costs paid plaintiff.

**3. SAME—CROSS BILL—NECESSITY.**

A cross bill in an interpleader suit is not necessary to sustain a decree for a successful defendant as against defendants who have defaulted.

**4. SAME—DEFAULT IN DEFENDANTS—RIGHT TO QUESTION DECREE.**

Defendants in an interpleader suit who have defaulted are not in a position to complain of a decree in favor of a successful defendant, as, if they are not to receive the fund or any part thereof, it is no concern of theirs how it is awarded.

**5. SAME—INTEREST OF COMPLAINANT.**

Where a life insurance company which issued a policy conditioned to pay a stated sum, less any indebtedness on account of the policy, on proof of death of the insured, filed a bill of interpleader against two defendants, each of whom claimed under the policy, setting forth in the bill all the facts, and that there was at the death of the insured a certain sum due for premium which was deducted from the face of the policy, and the balance, with interest, deposited in court, the existence of such indebtedness for premium, and deduction thereof in making such deposit, did not make complainant an interested party, so as to deprive the bill of its intended character as a pure bill of interpleader.

**6. SAME—SOLICITOR'S FEE.**

Where a life insurance company files a bill of interpleader against two adverse claimants under the policy, and deposits the amount due thereunder in court, it should be allowed a solicitor's fee, to be paid in the first instance by the prevailing defendant.

**7. SAME—DECREE—HARMLESS RECITAL.**

Where one defendant in a bill of interpleader demurred to the bill and declined to answer after his demurrer was overruled, a recital in the decree that "no demurrer, plea, disclaimer, or answer has been filed," except by the answering defendant, should be construed to mean that no valid demurrer, etc., had been filed, and, if such unnecessary recital was erroneous at all, it was harmless error.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This cause is one wherein the Provident Savings Life Assurance Society of New York brings a bill against Ernest M. Loeb and the widow and heirs of Robert McNamara. The bill alleges the issue of a policy whereby the company promised to pay to Moses Schwartz, his executors, administrators. or assigns, the sum of $10,000, less any indebtedness on account of the policy, within 90 days after receipt of satisfactory proof, at its office in New York, of the death of Robert McNamara; the death of McNamara; the furnishing of proofs of death by Ernest M. Loeb, assignee of Moses Schwartz, and also by Robert McNamara. claiming to be a son and a representative of the heirs of Robert McNamara, and each claiming to be entitled to the proceeds of the policy. The bill contains allegations that the complainant claims no interest in the subject-matter of the contention, viz., the amount due under the policy; has incurred no independent liability to either party; is perfectly indifferent between them, in the position merely of a stakeholder; that the amount due upon the policy is the sum of $10,000, less certain premiums amounting to $337.50, leaving due $9,662.50. The bill further alleges a deposit of this money in court, with interest at 6 per cent. per annum from March 28, 1901, up to date of deposit. and the prayer of the bill that the defendants interplead and settle and adjust between themselves their rights or claims, or that they be restrained by injunction from prosecuting any action or actions at law or in equity against the complainant for the recovery of any amount due or to become due under the policy. To this bill an answer was filed by the defendant Loeb, claiming in his own right as assignee of Moses Schwartz the

entire amount of the deposit. The McNamaras appeared, and jointly filed a general demurrer. This demurrer was overruled, and 10 days allowed in which to further plead or answer. At the expiration of the 10 days a motion was made by the McNamaras asking for an additional delay of 5 days within which to answer, which motion was granted. This order was granted June 24th, and expired June 29th, but no further pleadings were filed. On July 18th, on motion of complainant, an order was entered taking the bill pro confesso against the McNamara defendants. The cause thereupon proceeded to final hearing as between the complainant and the defendant Loeb and the McNamara heirs.

The decree was in accordance with the prayer of the bill. It fixed the fees of the solicitor for the complainant, payable out of the fund in court, at $150, perpetuated the preliminary injunction, and ordered that the residue of the fund in court, after payment of the costs of the complainant, should be paid over to the defendant Loeb, and that the other defendants should be condemned in solido to pay to the defendant Loeb his costs of court and also the costs allowed to the complainant out of the fund in court. From this decree the McNamara defendants have prosecuted an appeal.

The assignments of error may be condensed under four heads, as follows: First. Did the court err in sustaining the demurrer filed by the McNamara defendants? Second. Did the court err in rendering a final decree in favor of defendant Loeb in the absence of any cross bill filed by him or of any process in his behalf as against defendants? Third. Did the court err in allowing solicitor's fees to the complainant? Fourth. Did the court err in decreeing against the McNamara defendants as in default?

Robert J. Maloney and J. R. Beckwith, for appellants.
Solomon Wolff and E. B. Kruttschnitt, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). 1. Judge Parlange, in the circuit court, overruled the demurrer on the ground that the bill, if not good as a pure bill of interpleader, was certainly good as a bill in the nature of a bill of interpleader, and showing equities in favor of complainant entitling it to relief; citing Groves v. Sentell, 153 U. S. 485, 14 Sup. Ct. 898, 38 L. Ed. 785, and other authorities. This ruling is fully supported by the adjudged cases cited, and, so far as the demurrer to the bill is concerned, Judge Parlange's opinion, found in the record, needs neither to be amplified nor supported.

2. It is not contended in this court that the decree pro confesso against the McNamara defendants was erroneously taken, nor that said defendants were not actually in default. "If one defendant in a bill of interpleader establishes his title and the other makes default, the court will decree payment to the former, and a perpetual injunction against the latter." 2 Daniell, Ch. Pl. & Prac. (5th Ed.) 1494, note. To the same effect see 2 Beach, Mod. Eq. Prac. § 638. That this is correct practice is declared in many adjudged cases. See Richards v. Salter, 6 Johns. Ch. 445; Plaster Co. v. White, 44 Mich. 25, 5 N. W. 1086; Badeau v. Rogers, 2 Paige, 209.

Richards v. Salter was decided by Chancellor Kent on a review of the practice and authorities, and we quote, as conclusive on the subject, from his opinion, as follows:

"The defendant S. has answered, and set forward his right and title to the money, and the other defendants have not supported their claim. Upon this bill the question of right may be decided in favor of one defendant against

another. If one defendant establishes a title, and the other makes default, the court will decree payment to the former, and a perpetual injunction against the latter. This was so done in Bolton v. Williams, 4 Brown, Ch. 297; and also in Hodges v. Smith, decided by Lord Kenyon as master of the rolls (1 Cox, Ch. 357, and cited by Sir William Grant in Angell v. Hadden, 16 Ves. 203). The defendant S. is entitled to the fund, subject to the plaintiff's costs; and the other defendants, who have set up a groundless claim, and by that means compelled the plaintiff to resort to his bill of interpleader, and put the defendant S. to the necessity of defending this suit, ought to pay to the defendant S. his costs of this suit, as well as the costs of the plaintiff, which the defendant S. is, in the first instance, obliged to pay out of the fund in court."

The defendant Loeb asserted title in his answer, and established the same by full proof, and under the correct practice was entitled to a final decree, and no cross bill against the defendants in default was necessary. And this seems clear when we notice the fact that said defendants neither asserted title to the fund in court nor denied Loeb's title to said fund. We note, further, that said defendants so being in default, and necessarily so adjudged by the court, are in no position to complain of a decree in Loeb's favor. If they are not to receive the fund nor any part thereof, it is no concern of theirs as to how it is awarded.

3. In ruling on the demurrer, it was not necessary to determine whether the bill was a pure bill of interpleader or a bill showing equities in the nature of an interpleader; but, to review the allowance to the complainant of a solicitor's fee, it is necessary to go further, and consider the exact character of the bill. The bill was intended to be and it contains all the allegations necessary for a pure bill of interpleader, and if it is not such a bill it is because the complainant, notwithstanding his allegations to the contrary, has an interest in the subject-matter of the suit. No other objection has been presented. The contention is that as the complainant has not paid in the full $10,000 named in the policy, but has retained the sum of $337.50, the amount due for unpaid premiums as stipulated in the policy, the amount so retained is in contest, and to that extent the complainant is interested in the subject-matter of the suit. The policy expressly stipulates that on the death of Robert McNamara the insurance company shall pay to the legal representatives or assigns of said McNamara the sum of $10,000, less any indebtedness on account of the policy. On the death of McNamara $337.50 in unpaid premiums became due on account of the policy, and thereby the insurance company was bound by its contract to pay to the legal representatives and assigns of McNamara the sum of $10,000, less said premiums, to wit, $9,662.50; and this sum, still following the terms of the policy, became due on the 18th day of February, 1901, 90 days after proof of death was received, and it, together with 6 per cent. interest thereon from that day to the filing of the bill, was paid into court. As the contract was specific, and the amount due was certain (and that is always certain which can be made certain), there was no room for any contest as to the amount due under the policy, and any interest of the complainant in the subject-matter of the suit arising from the source indicated is too remote to be seriously considered. Just as well might we consider that the complainant

114 F.—58

was interested in the subject-matter of the suit because the complainant only paid in 6 per cent. interest from February 18, 1901, instead of from November 19, 1900, the day proofs of death of McNamara were furnished, or even from October 23, 1900, the date of McNamara's death. The interest in the subject-matter of the suit sufficient to deny the complainant the right to bring a strict bill of interpleader must be a substantial, contested right; otherwise, no such bill, however meritorious the case, could ever be entertained. In this case, neither by the bill nor by any legitimate inference to be drawn from the evidence, does it appear that the complainant had any substantive or substantial interest in the subject-matter of the suit. Where no such interest is shown, and the complainant's acts in the premises have been free and above board, and conducive to equity, a solicitor's fee may be allowed. Groves v. Sentell, supra; Lottery Co. v. Clark (C. C.) 16 Fed. 20; Trustees v. Greenough, 105 U. S. 535, 26 L. Ed. 1157; Spring v. Insurance Co., 8 Wheat. 268, 5 L. Ed. 614; Daniel v. Fain, 5 Lea (Tenn.) 258.

4. We understand that part of the first paragraph of the decree appealed from, which declares that "no demurrer, plea, disclaimer, or answer has been filed to said bill of complaint by any of the defendants herein other than said Ernest M. Loeb, to mean that the McNamara defendants filed no valid and sufficient demurrer, plea, disclaimer, or answer to said bill. The demurrer interposed by said defendants had been properly overruled, and for the purpose of the decree to be rendered was of no more force or effect than if it had never been filed. Besides, the recital in question was wholly unnecessary, and, if erroneous at all, it was harmless error.

We find the decree appealed from was in all respects in accordance with equity rules and practice, and the same is affirmed.