TERRY v. SUPREME FOREST, WOODMEN CIRCLE, et al.

District Court, D. Tennessee at Chattanooga. December 22, 1926.

Interpleader ⬅➡35—Defendant insurance company, interpleading, held entitled to have its attorney's fees paid out of fund paid into court (28 USCA § 41, par. 26).

Where defendant insurance company set up and claimed right to interplead under Act May 8, 1926 (28 USCA § 41, par. 26), authorizing certain insurance companies to file bills of interpleader, and paid sum into court, it was entitled to have its attorney's fees paid out of sum paid into court, under equitable theory that it had no interest in litigation, except as stakeholder, and that by paying sum into court it has preserved same for benefit of party who shall be entitled to it.

At Law. Action by Albert G. Terry against the Supreme Forest, Woodmen Circle, and others, in which defendants interpleaded and moved to have attorney's fees

paid out of fund paid into court. Motion granted.

Joe Frassrand and Will F. Chamlee, both of Chattanooga, Tenn., for plaintiff.

Tatum & Tatum, of Chattanooga, Tenn., for defendants.

HICKS, District Judge. In this cause the defendant Supreme Forest, Woodmen Circle, answered the bill of the plaintiff and set up and claimed the right to interplead by virtue of the Act of Congress passed May 8, 1926 (28 USCA § 41, par. 26), authorizing certain insurance companies to file bills of interpleader. The sum of $716.26 was paid into court by the defendant Supreme Forest, Woodmen Circle. Counsel for Terry and for the Woodmen Circle have agreed upon an order allowing the accrued costs to be paid out of the fund and forwarded this order to the court for approval. Messrs. Tatum & Tatum, solicitors for the Woodmen Circle, in open court moved the court to have their fees settled and allowed by them from the fund, and have forwarded to the court for approval an order to this effect, bearing the O. K. of counsel for opposing claimants of this fund.

Upon the initial consideration of this motion I was inclined to disallow it, but upon a more thorough study of the matter I have allowed the same and approved this order for entry. The equitable theory upon which it is allowed seems to be that the defendant Supreme Forest, Woodmen Circle, has no interest in the litigation except as a stakeholder, and that by the payment of the fund into court they have in a sense preserved the same for the benefit of the party who shall at the end of the litigation be entitled to it. As the basis for my action I am leaving this memorandum in the file with the following citation of authorities, to wit:

Gibson's Suits in Chancery, § 720, in which section the form used by Judge Gibson allows the cost to be paid out of the fund; Spring v. South Carolina Ins. Co. et al., 8 Wheat. 268, 5 L. Ed. 620; Trustees of Internal Improv. Fund v. Greenough, 105 U. S. 535, 26 L. Ed. 1157; McNamara v. Provident Sav. Life Assur. Soc. (C. C. A.) 114 F. 914; Groves v. Sentell, 153 U. S. 485, 14 S. Ct. 898, 38 L. Ed. 785.

In Louisiana State Lottery Co. v. Clark (C. C.) 16 F. 20, Judge Pardee said: "In the case before us a mere stakeholder, without fault in himself, in possession of a fund claimed entire by contending parties, * * * brings the same into court, thereby promoting the litigation and securing the due application of the property. From the nature of the contending claims and the circumstances of the case he incurs expense and counsel fees in bringing the fund into court. There is no equity in compelling him to bear these charges. On the contrary, the parties who have benefited thereby should bear them. This we understand to be in accord with the principles laid down in the case of Trustees [of Internal Improv. Fund] v. Greenough, supra, which are merely declaratory of the general rules controlling courts of equity in cases like this."

As to which party may in the final outcome of this litigation be burdened with these costs and fees is a matter reserved.