MUTUAL LIFE INS. CO. OF NEW YORK v. BONDURANT et al. MASSACHUSETTS MUT. LIFE INS. CO. OF SPRINGFIELD, MASS., v. SAME. BONDURANT et al. v. PHELPS, Clerk of District Court.

Circuit Court of Appeals, Sixth Circuit. June 30, 1928.

Nos. 5012–5014.

1. Interpleader ⚖️35—Stakeholder, bringing nonstatutory equity interpleader bill, is entitled to reasonable attorney's fees.

Stakeholder, who brings the nonstatutory equity interpleader bill, is entitled to reasonable attorney's fees, as well as other costs.

2. Interpleader ⚖️35—Act does not indicate that rules as to costs and attorney's fees in statutory interpleader should be different from those prevailing in ordinary equity interpleader (Interpleader Act 1926; 28 USCA § 41(26).

Interpleader Act 1926, 28 USCA § 41(26), merely enlarges the jurisdiction of federal courts over the necessary parties to certain interpleader suits, and indicates no intent that the rules as to costs and attorney's fees in a statutory interpleader should be different from those that prevail in the ordinary equity interpleader, whether it be in the federal or state courts.

3. Interpleader ⚖️35—Insurance companies, filing bill of interpleader and paying amount of policies into court, held entitled to reasonable attorney's fees (Interpleader Act 1926; 28 USCA § 41(26).

Insurance companies, filing interpleader under Interpleader Act 1926, 28 USCA § 41(26), and paying amount of policies claimed by different parties into court, held entitled to reasonable attorney's fees out of such fund under 28 USCA §§ 572, 830, to be determined by the District Court.

**4. Interpleader ☞35—Final decree, sustaining interpleader and granting injunction prayed for therein, entitled interpleader plaintiff to statutory attorney's docket fee; "prevailing party."**

Where final decree sustained interpleader and granted injunction prayed for therein, interpleader plaintiff was a "prevailing party" and entitled to statutory attorney's docket fee; it being immaterial that final decree was by consent of claimants and based on settlement as between themselves.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prevailing Party.]

**5. Interpleader ☞35—That interpleader plaintiffs brought proceedings under act, instead of in state court, did not defeat right to clerk's fee; "in pursuance of any statute" (28 USCA § 555(8); Interpleader Act 1926, 28 USCA § 41(26).**

Where fund was paid into court and kept there in pursuance of Interpleader Act 1926, 28 USCA § 41(26), and was paid out pursuant to decree, that interpleader plaintiffs chose to bring proceedings under such act, instead of in state court, did not make payment of money into registry of court any the less "in pursuance of a statute," within 28 USCA § 555(8), authorizing clerk's fees for receiving, keeping, and paying out money "in pursuance of any statute."

Appeal from the District Court of the United States for the Western District of Kentucky; Charles T Dawson, Judge.

Interpleader proceeding by the Mutual Life Insurance Company of New York and another against Kate R. Bondurant and others. From so much of the final decree as refused them counsel fees and solicitor's docket fees out of the fund in controversy, the Mutual Life Insurance Company of New York and the Massachusetts Mutual Life Insurance Company of Springfield, Mass., appeal, and from an order overruling their motion for a retaxation of costs, to eliminate the fee of Lilburn Phelps, as Clerk of the United States District Court for the Western District of Kentucky, Kate R. Bondurant and another appeal. Decree reversed, as to part appealed from, and order affirmed.

Wm. Marshall Bullitt, of Louisville, Ky. (R. Lee Blackwell and Bruce & Bullitt, all of Louisville, Ky., on the brief), for Massachusetts Mut. Life Ins. Co.

G. T. Fitzhugh, of Memphis, Tenn. (Millsaps Fitzhugh, of Memphis, Tenn., on the brief), for Mutual Life Ins. Co. of New York.

W. J. Webb, of Mayfield, Ky., for Bondurant and others.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

27 F.(2d)—30

MACK, Circuit Judge. Appeal by insurance companies, plaintiffs in a proceeding under the Federal Interpleader Act of 1926 (44 Stat. 416, 28 USCA § 41(26), from so much of the final decree as refused them counsel fees and solicitor's docket fees out of the fund in controversy, and by the claimants, to whom the fund was awarded, from an order overruling their motion for a retaxation of costs, to eliminate the clerk's fee of 1 per cent. therein included.

The policies, issued payable to the estate of the insured, Chester T. Bondurant, were assigned to his wife and son. On his death a creditor, asserting that the assignment was fraudulent, notified the companies not to pay the assignees. Thereupon each company filed an interpleader bill under the Interpleader Act, paying the amount of the policy into court. After the usual preliminary injunction against suits in other courts, the two claimants reached a settlement, under which the creditor filed an answer consenting to the payment to the assignees of the fund in court, "except such costs as are properly chargeable against said fund." The final decree permanently enjoined both claimants from other suits and awarded the fund pursuant to the settlement.

The Interpleader Act provides that the "court shall hear and determine the cause and shall discharge the complainant from further liability; and shall make the injunction permanent and enter all such other orders and decrees as may be suitable and proper." Like the 1925 act it omits the clause of the original 1917 act permitting the retention out of the fund of "complainant's actual court costs." See 28 USCA § 41, subd. 26, p. 645, and 1927 Supplement, p. 4. U. S. Code Annotated, title 28, § 572, allows to attorneys "on a final hearing in equity" a docket fee of $20. See, too, section 830. U. S. Code Annotated, title 28, § 555, subd. 8, provides as to clerks' fees "for receiving, keeping, and paying out money in pursuance of any statute or order of court * * * one percentum of the amount so received, kept and paid out. * * *"

[1-2] It is well settled that a stakeholder, who brings the nonstatutory equity interpleader bill, is entitled to reasonable attorney's fees, as well as other costs. McNamara v. Provident Sav. Life Assur. Soc. of New York (C. C. A.) 114 F. 910; Louisiana State Lottery Co. v. Clark (C. C.) 16 F. 20. The Interpleader Act effects no important change

in the substantive rights, of parties to an interpleader suit; it merely enlarges the jurisdiction of federal courts over the necessary parties to certain interpleader suits. Nothing in the language or in the history of this essentially jurisdictional act evidences an intent that the rules as to costs and attorney's fees in a statutory interpleader should be different from those that prevail in the ordinary equity interpleader whether it be in the federal or state courts.

[3] Whatever inferences might have been drawn under the 1917 act from the words "actual court costs" as possibly denying to the plaintiff attorney's fees, are inapplicable to the 1926 act; it omits this clause and grants power to enter all orders that may be suitable. Indeed, this omission strongly supports the view that Congress intended no restrictions on costs under the new act. Terry v. Supreme Forest (D. C.) 21 F.(2d) 158, and certain unreported cases in the Northern district of Illinois, allowed attorney's fees in suits under the 1926 act; in some, at least, it was by consent. In N. Y. Life Ins. Co. v. Bidoggia (D. C.) 15 F.(2d) 126, the point was not decided; delay in bringing suit was held to bar recovery of cost and fees. The insurance companies, therefore, are entitled to a reasonable attorney's fee out of the fund paid into court; the amount should be determined by the District Court.

[4] Inasmuch as the final decree sustained the interpleader and granted the injunction prayed for therein, the interpleader plaintiff is a "prevailing party," and entitled to the statutory attorney's docket fee. That the final decree was by consent of the claimants and based upon their settlement as between themselves does not affect plaintiff's right as against both of them.

[5] The fund was paid into court and kept there in pursuance of the Interpleader Act, and was paid out pursuant to a decree of the court. The fact that the interpleader plaintiffs chose to bring the proceedings under the Interpleader Act instead of in a state court, does not make the payment of the money into the registry of the court any the less "in pursuance of a statute" within the Code section above recited. The statute in express terms required such payment and only by virtue of the statute could these suits have been instituted in the federal court. Therefore the taxation of 1 per cent. of the fund as clerk's fee was entirely proper.

Decree in 5012 and 5013 reversed as to part appealed from. Order in 5014 affirmed.