## MASSACHUSETTS MUT. LIFE INS. CO. v. MORRIS et al.

No. 6790.

Circuit Court of Appeals, Ninth Circuit.

Sept. 6, 1932.

Livingston & Livingston, of San Francisco, Cal., for appellant.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

SAWTELLE, Circuit Judge.

Appellant brought a suit in interpleader against the appellees, and this appeal is from that portion of the decree entered therein denying appellant any award for attorney's fee.

Appellant was the insurer of the life of one Walter Morris, deceased, husband of the appellee Floy K. Morris, on a policy in the amount of $20,000, under which appellee Morris was the beneficiary. Deceased was indebted to appellant for a loan made on the policy, and at the time of his death the admitted amount due on the policy was $16,696.73. At his death, deceased was indebted to appellee Alexander Industries, Inc., his employer, in the sum of $3,600. Subsequent to the death of the insured, Alexander Industries, Inc., made an advance of $750 to his widow, appellee Morris, and took from her as security an assignment of $4,350 of the proceeds of the policy under which she was beneficiary. Thereafter appellant was served with two assignments, one the $4,350 assignment just referred, the other purporting to be an assignment of the entire proceeds of the policy from appellee Morris to Alexander Industries, Inc. Appellee Morris then notified appellant not to pay the Alexander Industries, Inc., any sum in excess of $750, attempted to repudiate the assignments, and commenced an action in the state court to compel appellant to pay to her the entire proceeds of the policy.

Thereupon appellant brought this suit in interpleader against the adverse claimants of the fund, and deposited the money in court, pursuant to the provisions of the Federal In-

terpleader Act (28 USCA § 41 (26), and secured a temporary injunction restraining appellee Morris from prosecuting her action in the state court. The court below made findings of fact as follows:

"That it is true that said claims are conflicting and adverse and that plaintiff is without knowledge, information or belief sufficient to enable it to determine the validity of said claims and *that* the rights of said claimants as between themselves and that plaintiff does not know and cannot ascertain to whom the proceeds of said policy should be paid and cannot without hazard to itself, undertake to decide as to the validity or superiority of the conflicting claims of the defendants, and it is not proper that plaintiff should be required to take the risk of so deciding.

"The Court further finds that the doubt and uncertainty as to the merits of the respective rights of the defendants to the proceeds of said policy was so great that plaintiff should not be compelled to determine said rights and that the matter of determining the same is a proper matter for this Court, and that unless proceedings for determining the same had been instituted by this plaintiff herein, there was danger that plaintiff would have become involved in a multiplicity of suits and been put to unnecessary cost and expense on account of said conflicting and adverse claims. * * *

"The Court further finds that it is true that plaintiff had no plain, speedy or adequate remedy at law for determining said adverse claims, and that plaintiff was compelled to employ an attorney for the purpose of commencing and prosecuting this suit to judgment and that it was necessary to institute the proceedings herein, and incur an obligation for attorneys fees, *but the Court does not find that it is true that plaintiff is entitled to a reasonable or any counsel fee to be paid out of said insurance fund.*"

The decree was in favor of Alexander Industries, Inc., for $4,350, with interest and costs, and in favor of appellee Morris for the balance of the fund. The decree awarded appellant its costs, but denied "any award for its attorneys fees as against either of the defendants or as against the insurance fund deposited herein with the registry of this court."

In Mutual Life Ins. Co. v. Bondurant, 27 F.(2d) 464, 465, certiorari denied 278 U. S. 630, 49 S. Ct. 30, 73 L. Ed. 548, the Circuit Court of Appeals for the Sixth Circuit had before it a decree denying counsel fees to appellant insurance company, which had instituted an interpleader proceeding under the Federal Interpleader Act to determine the rights of adverse claimants to the proceeds of a life insurance policy held by it. In holding that the interpleader was entitled to a reasonable attorney's fee, the court said: "It is well settled that a stakeholder, who brings the nonstatutory equity interpleader bill, is entitled to reasonable attorney's fees as well as other costs. McNamara v. Provident Sav. Life Assur. Soc. of New York (C. C. A.) 114 F. 910; Louisiana State Lottery Co. v. Clark (C. C.) 16 F. 20. The Interpleader Act effects no important change in the substantive rights of parties to an interpleader suit; it merely enlarges the jurisdiction of federal courts over the necessary parties to certain interpleader suits. Nothing in the language or in the history of this essentially jurisdictional act evidences an intent that the rules as to costs and attorney's fees in a statutory interpleader should be different from those that prevail in the ordinary equity interpleader whether it be in the federal or state courts."

In Allen v. Hudson, 35 F.(2d) 330, the Circuit Court of Appeals for the Eighth Circuit also approved the allowance of an attorney's fee to an insurance company which had brought a suit in interpleader under the federal statute citing as authority the case from the Sixth Circuit.

These decisions are in accord with the settled rule that an interpleading plaintiff may be allowed costs, including reasonable attorney's fee, out of the fund deposited in court. See Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Louisiana State Lottery Co. v. Clark (C. C.) 16 F. 20; McNamara v. Provident Assurance Society, 114 F. 910, 52 C. C. A. 530; Mutual Life v. Lane (C. C.) 151 F. 276; Mutual Life v. Farmers' Nat. Bank (C. C.) 173 F. 390; Thomas Kay Woolen Mill Co. v. Sprague (D. C.) 259 F. 338; Terry v. Supreme Forest (D. C.) 21 F.(2d) 158.

Accordingly, we feel constrained to hold that a reasonable attorney's fee should have been allowed; and the cause is reversed, with instructions to make such allowance, in an amount to be determined by the trial court.