## FIRST. NAT. BANK OF GIBSLAND, LA., v. BAKER (MUTUAL LIFE INS. CO., Intervener).

### No. 2472.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 25, 1936.

Drew & Richardson, of Minden, La., for plaintiff.

J. Rush Wimberly, of Arcadia, La., for defendant.

J. G. Cowles, of Shreveport, La., and Montgomery & Montgomery, of New Orleans, La., for intervener.

DAWKINS, District Judge.

This suit was instituted by the First National Bank of Gibsland, in liquidation, against the succession of Wimberly Baker, claiming a lien and privilege as pledgee upon the proceeds of two policies on the life of Baker. The Mutual Life Insurance Company of New York intervened, admitting its liability upon the policies for the full amount thereof, less certain loans, and deposited the net proceeds in the registry of the court. The insurance company alleged that the plaintiff and defendant were each claiming the avails of the said policies, and it prayed that the deposit be approved, it be relieved from further liability and recover its costs, including a reasonable attorney's fee.

The case was compromised and the deposit divided between the plaintiff and defendant, who were permitted to withdraw the funds from the registry of the court. This was done without the knowledge of the insurance company, and the court overlooking the fact that it had asked for attorney's fees, in directing the clerk to surrender the funds to plaintiff and defendant. Upon discovering what had been done, counsel for the insurance company appeared, and has asked the court to tax as against the plaintiff and defendant, recipients of the funds, a reasonable attorney's fee, as costs.

It is contended by the attorneys for the bank and the succession of Baker that attorney's fees can be recovered only when the insurance company files an initial interpleader action, and not when it intervenes, as it did here, to deposit the funds in court. However, the condition which, in equity, impels the court to allow these costs, is that there are two or more claimants, but for which the insurance company could pay the funds to the beneficiary

870

without employment of counsel. When divergent claims are made, it becomes necessary to invoke the advice of counsel, either to bring the funds into court or to determine to whom they are legally due. There must, of course, be no denial of the fact or amount of liability by the insurer, who occupies the position of a mere stakeholder, seeking to pay the funds to whoever is justly entitled to them, and, when it brings the same into court and surrenders them for the latter's adjudication between the claimants, whether as an original or intervening proceeding, it has rendered the services and incurred the expense necessary for that purpose. See Louisiana State Lottery Co. v. Clark (C. C.) 16 F. 20; Terry v. Supreme Forest Woodmen (D.C.) 21 F.(2d) 158; Mutual Life Insurance Co. v. Bondurant (C.C.A.) 27 F.(2d) 464; Massachusetts Mutual Life Insurance Co. v. Morris (C.C.A.) 61 F. (2d) 104.

Considering the amount involved and the services rendered, I think the sum of $100 is a reasonable fee to be paid in the proportion in which the funds were received by the plaintiff and defendant, respectively, and to be taxed as costs of this proceeding.

Proper decree should be presented.