## GLOBE INDEMNITY CO. v. PUGET SOUND CO., Inc., et al.
### No. 194.

Circuit Court of Appeals, Second Circuit.
March 18, 1946.

Gibbons, Pottle & Pottle, of Buffalo, N. Y. (Frank Gibbons, of Buffalo, N. Y., of counsel), for Puget Sound Co., Inc.

Albrecht, Maguire & Mills, of Buffalo, N. Y. (Edward N. Mills, of Buffalo, N. Y., of counsel), for Frank J. Maguire, executor.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an action of interpleader brought under 28 U.S.C.A. § 41(26) with respect to a fund of $7,500 which Globe Indemnity Company deposited in the registry of the

district court upon the filing of its complaint. The claimants of the fund were Puget Sound Company, Inc. (hereafter referred to as Puget), and Frank J. Maguire as executor of the estate of Gertrude B. Zulauf, deceased (hereafter referred to as Maguire). The district court after a trial in December 1943 entered final judgment allowing to the plaintiff's attorneys $500 for fees and costs, and awarding $3,998.50 to Maguire and the balance of the fund, $3,001.50, to Puget. 53 F.Supp. 51. On February 1, 1944, the clerk of the court distributed the fund as directed in the judgment. Thereafter appeals were taken by all the parties and this court modified the judgment by increasing the allowance to the plaintiff's attorneys to $750 and awarding all the rest of the fund to Puget. 2 Cir., 149 F.2d 805. After our mandate went down, Puget moved for judgment against Maguire with respect to three items: (1) The sum of $3,998.50 received by Maguire, with interest thereon from February 1, 1944; (2) the sum of $750 paid out of the fund to plaintiff's attorneys; and (3) the sum of $337.48, representing the amount of expenses incurred by Puget by reason of the erroneous judgment which this court had modified. Before the return day of the motion Maguire voluntarily returned $3,998.50 to the registry of the court. The district court ruled that Puget was not entitled to interest on this sum; that the $750 paid to plaintiff's attorneys was properly chargeable against the fund and not against Maguire, but that Maguire was chargeable with $123.73 of Puget's expenses. Judgment was entered accordingly. Puget has appealed from so much of the judgment as denied it interest and the $750; and Maguire has appealed from so much of the judgment as awarded Puget $123.73.

■ It is conceded that upon reversal of the December 1943 judgment under which Maguire had received part of the fund deposited by Globe, he came under an obligation to Puget to make restitution. Such an obligation can be enforced either by a separate action, Clark v. Pinney, 6 Cow., N.Y., 297, or by application made in the suit in which the erroneous judgment was entered. B. & O. R. Co. v. United States, 279 U.S. 781, 49 S.Ct. 492, 73 L.Ed. 954. In the case last cited it is said at page 786 of 279 U.S., 49 S.Ct. 493, 73 L.Ed. 954, that the prevailing parties are entitled to repayment "together with interest thereon from the dates of such payments at the rate established by the law of the state in which such sums were paid"; and this is the general rule stated in A. L. I. Restitution, § 74 Comment d. The district judge denied Puget interest as a matter of judicial discretion. In the situation here presented we do not think that the allowance of interest is discretionary. By reason of the erroneous judgment of December 1943 Maguire had the use of $3,998.50 from February 1, 1944 to June 22, 1945, when he returned it to the registry of the court. Had a correct judgment been entered Puget would have had the use of this sum during that period. It is just, therefore, that Puget should get interest, and the judgment on appeal will be modified accordingly.

■ The rules as to costs and attorney's fees in an interpleader brought under the federal statute are no different than those that prevail in an ordinary equity interpleader. Mutual Life Ins. Co. v. Bondurant, 6 Cir., 27 F.2d 464, 466, certiorari denied 278 U.S. 630, 49 S.Ct. 30, 73 L.Ed. 548; Massachusetts Mut. Life Ins. Co. v. Morris, 9 Cir., 61 F.2d 104, 105. As these authorities show, the plaintiff in interpleader is entitled to costs (usually including a reasonable attorney's fee) to be paid out of the fund brought into court. Puget contends that, while in the first instance the plaintiff's costs are chargeable against the fund, they ought ultimately to be paid by the party whose claim has been adjudged groundless, and whose assertion of the claim necessitated the interpleader and thereby prevented the successful claimant from obtaining the fund undiminished by interpleader costs. This appears to be the accepted English practice. Hodges v. Smith, 1 Cox 357; Hendry v. Key, Dickens 291; Cowtan v. Williams, 9 Ves., Jr. 107; see 18 Halsbury's L. of Eng. (2nd ed.) 640. A number of early New York cases have followed it. Richards v. Salter, 6 Johns. Ch. 445; Canfield v. Morgan, Hopkins Ch. Rep. 224; Thomson v. Ebbets, Hopkins Ch. Rep. 272; Miller v. De Peyster, 1 Abb.Proc. 234; see also, 4 Pomeroy, Equity, 5th ed., 921 note 9; 15 R.C.L. 233; Shaw v. Coster, 35 Am.Dec. 709 note. The only federal case in point which has been found is McNamara v. Provident Sav. Life Assur. Soc., 5 Cir., 114 F. 910. Maguire cites nothing in opposition to these authorities but argues that the allowance of costs in interpleader is discretionary.

It is true that the imposition of costs in equity is discretionary. Reconstruction Finance Corp. v. Menihan, 2 Cir., 111 F. 2d 940, 941, affirmed 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. But it is a discretion which, in the absence of special circumstances, should be exercised in accordance with the usual practice. See Cowtan v. Williams, supra; Miller v. De Peyster, supra. The district court's opinion does not disclose what considerations prompted the denial of allowance to Puget of the costs paid out of the fund. In the absence of special circumstances we think this item should have been allowed.

On Maguire's appeal it appears that several of the items of expense making up the total of $123.73 were items which would have been taxable by this court as costs of the former appeal. Our judgment on that appeal did not award appellate costs, and the district court was without power to modify our judgment by awarding items which we refused to award as appellate costs. The following items, totaling $53.75 are of this character:

| | |
|---|---|
| Filing stipulation | $ .25 |
| Paid for printing record | 36.48 |
| Filing brief | 11.00 |
| Entry of order issuing mandate | 6.00 |

The judgment for $123.73 should be decreased by this sum, but should be increased by the interest item of $331.87 and the plaintiff's costs of $750, making a total of $1,151.87. So modified the judgment is affirmed. No appellate costs to either party.