**THE MACCABEES, Plaintiff,**

v.

**Virginia AXELRAD, Louisa Tsurikov, also known as Louise Tsuricov, Frank G. Wittenberg as Executor of the Last Will and Testament of Margaret Axelrad, deceased, Gertrude May as Guardian of Dorothy Axelrad, and Long Island National Bank of Hicksville, Defendants.**

Civ. No. 17959.

United States District Court
E. D. New York.

Aug. 21, 1959.

See, also, 177 F.Supp. 725.

David I. Rosenblum, New York City, for plaintiff.

Edward J. Neary, Mineola, N. Y., for defendant, Virginia Axelrad, Kendrick C. Smith, Farmingdale, N. Y., of counsel.

Carl A. & Melvin J. Espach, Hempstead, N. Y., for defendant, Louisa Tsurikov, Carl A. Espach, Hempstead, N. Y., of counsel.

Katz, Wittenberg & Katz, New York City, for defendant Frank G. Wittenberg as executor of Margaret Axelrad, deceased.

Chester A. Lessler, New York City, for defendant, Gertrude May as guardian of Dorothy Axelrad.

Charles R. Carroll, Hicksville, N. Y., for defendant, Long Island Nat. Bank of Hicksville.

BRUCHHAUSEN, Chief Judge.

This action of interpleader was instituted by the Maccabees under 28 U.S. C.A. §§ 1335, 1397 and 2361 to procure a determination of the disposition of the proceeds of two life insurance policies issued on the life of John Axelrad.

724

Both policies were issued in June 1945, number 1735–002 in the amount of $10,-000 and number 1735–003 in the amount of $15,000. At the time of the death of John Axelrad, his present wife Virginia was the named beneficiary in policy 002. Dorothy Axelrad, insured's daughter and Margaret Axelrad, his sister, were the named beneficiaries in policy 003.

Dorothy and Margaret were named beneficiaries by an instrument, dated December 25, 1956, which requested a change from Virginia to Dorothy and Margaret. Said instrument was received and accepted by the Maccabees on January 25, 1957.

Simultaneously with the change of beneficiary form filed for policy 003, a similar form was filed for policy 002 requesting a change of beneficiary from Virginia Axelrad to Louisa Tsurikov on January 29, 1957. The Maccabees returned this form as incomplete since the relationship of the proposed new beneficiary had not been indicated.

On February 21, 1957, John Axelrad died before completion of the proposed change of beneficiary on policy 002 and before said form was returned to the Maccabees. The form completed by the words "Medical Assistant Nurse" was ultimately returned to the Maccabees on July 17, 1957, five months after the death of John Axelrad.

During the lifetime of John Axelrad both policies had been assigned to the Long Island National Bank of Hicksville as security for payment of loans totaling $5,645.84. John and Virginia Axelrad both signed the assignment agreements.

In October 1957 the Maccabees deposited the sum of $26,319.41 with the Clerk of the Court and were discharged of further liability. Said amount represents the proceeds of both policies plus unearned premiums and dividends.

In April 1959 the bank received the sum of $6,228.85 as full satisfaction of its claim against John and Virginia Axelrad.

The issues to be resolved are these:

(1) Is Virginia Axelrad or Louisa Tsurikov the beneficiary of policy 002?

(2) If Virginia Axelrad is the beneficiary should the amount paid the bank be deducted from policy 002 or 003 or prorated to both?

(3) If Louisa Tsurikov is the beneficiary, how should the debt to the bank be charged?

The Court holds as follows:

■ (1) No change in beneficiary was affected and Virginia Axelrad remains the beneficiary of policy 002.

John Axelrad as a member of the Maccabees had an absolute right to change his beneficiary provided he complied with the by-laws and regulations of the Association. The Maccabees had the right to reject an application for change which did not so comply. Fink v. Fink, 171 N.Y. 616, 618, 64 N.E. 506. When the Maccabees accepted the change for policy 003 and rejected it for 002 they acted properly, pursuant to their regulations.

■ Defendant Tsurikov alleges that these requirements were waived by the insurer when this action for interpleader was instituted. However, the rights of the parties vest at the time of the death of the insured and the exercise of discretion by an insurer in instituting a law suit should not be permitted to alter those rights. Aetna Life Insurance Co. v. Parker, D.C., 130 F.Supp. 97; Equitable Life Assurance Society of the United States v. McClelland, D.C., 85 F. Supp. 688.

Defendant Tsurikov has an alternative claim against the bank in the event that her claim to policy 002 is rejected. This claim is that the bank was negligent in not completing and returning the change of beneficiary form to the insurer before the death of the insured. This claim has no merit since no proof has been presented of any negligence on the part of the bank.

[4] (2) The loan to the bank shall be repaid out of the proceeds of policy 003.

The agreement between the bank and the Axelrads contained the following language:

"(1) Said assignment shall secure all indebtedness of any of the undersigned to said Bank, which indebtedness shall exist at the death of the insured or at any time prior thereto."

Pursuant to that section the bank has elected to reimburse itself for all loans from policy 003. Such action is in accordance with the assignment agreement and within the discretion of the bank. Whether the beneficiaries become subrogated to the rights of the creditor and whether those rights are enforceable is not at issue here.

■ Fees and costs should be assessed against the funds deposited in the court and then final disposition of the funds should be made pro rata to the parties. Massachusetts Mutual Life Insurance Co. v. Morris, 9 Cir., 61 F.2d 104; Mutual Life Insurance Co. of New York v. Bondurant, 6 Cir., 27 F.2d 464, certiorari denied 278 U.S. 630, 49 S.Ct. 30, 73 L.Ed. 548.

Settle order on notice.