METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* MEYER W. BRODY et al., Defendants.

Supreme Court, Special Term, Albany County, May 3, 1962.

*Wiswall, Wood & Olson* (*Carl O. Olson* of counsel), for plaintiff. *Irving I. Waxman* for Meyer W. Brody and others, defendants. *Henry H. Koblintz* and *Joseph Friedman* for Lillian F. Poringer, defendant.

ROSCOE V. ELSWORTH, J. In this action for interpleader plaintiff seeks to deposit the sum of $8,375.86 into court. The only issue raised is whether plaintiff shall have an allowance for legal services in connection with the action. It asserts that such are permissible under the following provision of subdivision 7 of section 285 of the Civil Practice Act: " The court shall impose terms relating to payment of expenses, costs and disbursements as may be just and proper and which may be charged against the subject matter of the action or the amount in dispute."

The practice of allowing reasonable attorneys fees as well as other costs to a plaintiff stakeholder out of funds deposited in court has long been sanctioned and approved in the Federal courts. (*Mutual Life Ins. Co.* v. *Bondurant,* 27 F. 2d 464; *Massachusetts Mut. Life Ins. Co.* v. *Morris,* 61 F. 2d 104.) Under our own statute it seems to the court that a fair and practical interpretation of the term " expenses " must lead to a construction that includes reasonable counsel fees that the stakeholder is called upon to incur in effecting the deposit. It is so held here.

The plaintiff's motion is granted and in keeping with the determination above made the sum of $500 is allowed to plaintiff as an expense for reasonable counsel fees, plus the sum of $64.35 for disbursements, the same to be charged against the funds with which the action is concerned.