17-308-cv
*Citigroup Glob. Mkts., Inc. v. KLCC Invs., LLC, et al., D and D Trust*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the eighteenth day of December, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITIGROUP GLOBAL MARKETS, INC.,

*Interpleader Plaintiff-Counter-Defendant-Appellee,*

v.                                 17-308-cv

KLCC INVESTMENTS, LLC,

*Interpleader Defendant-Counter-Claimant-Appellee,*

KENNETH CAYRE,

*Third-Party-Defendant-Appellee,*

D AND D TRUST,

                    *Interpleader Defendant-Counter-*
                    *Claimant-Third-Party-Plaintiff-*
                    *Appellant.* *

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| FOR INTERPLEADER PLAINTIFF-COUNTER-DEFENDANT-APPELLEE: | JOHN EVAN JENKINS, III, Lubiner, Schmidt & Palumbo, LLC, Cranford, New Jersey. |
| FOR INTERPLEADER DEFENDANT-COUNTER-CLAIMANT-APPELLEE AND THIRD-PARTY-DEFENDANT-APPELLEE: | M. RYAN PINKSTON (Richard M. Resnik, *on the brief*), Seyfarth Shaw LLP, San Francisco, California, and New York, New York. |
| FOR INTERPLEADER DEFENDANT-COUNTER-CLAIMANT-THIRD-PARTY-PLAINTIFF-APPELLANT: | EUGENE KILLIAN, JR., The Killian Firm, P.C., New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

This interpleader action was filed in the district court below in 2006 by interpleader plaintiff Citigroup Global Markets, Inc. ("Citigroup"), the holder of an account containing securities pledged as collateral -- twice -- by non-party Solomon Dwek. By memorandum and order entered September 28, 2015, the district court granted summary judgment in favor of KLCC Investments, LLC and Kenneth Cayre

---

*     The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

2

(together "KLCC"), dismissed the crossclaims of D and D Trust ("D&D"), dismissed all counterclaims against Citigroup, discharged Citigroup as interpleader plaintiff, and denied without prejudice Citigroup's request for attorneys' fees and expenses. By order entered January 24, 2017, after Citigroup filed a new motion for fees and costs, the district court awarded Citigroup fees and costs in the amount of $246,125.15 to be paid by D&D. The district court found that, as a matter of law, KLCC had priority over D&D to the securities account, and assessed fees and costs against D&D as "the losing claimant." S. App. 47. D&D appeals both the grant of summary judgment and the award of attorneys' fees and costs to KLCC. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review the grant of . . . summary judgment *de novo*, accepting as true the factual allegations of the . . . complaint[] and drawing inferences based upon these allegations in the light most favorable to the . . . plaintiffs." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 297 (2d Cir. 2003) (alteration in original) (citation omitted). "Summary judgment is appropriate only if it can be established that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003) (per curiam) (quoting Fed. R. Civ. P. 56(c)).

In an interpleader action, as a general matter, the interpleader's costs and attorneys' fees are awarded from the interpleader fund, but ultimately they are to be

3

"paid by the party whose claim has been adjudged groundless, and whose assertion of the claim necessitated the interpleader and thereby prevented the successful claimant from obtaining the fund undiminished by interpleader costs." *Globe Indem. Co. v. Puget Sound Co.*, 154 F.2d 249, 250 (2d Cir. 1946). The court only deviates from this general rule when "special circumstances" warrant it. *Id.* at 251. We review a district court's award of fees and costs in an interpleader action for abuse of discretion. *See Septembertide Publ'g, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) ("[Costs and attorneys' fees] may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it.").

An independent review of the record and relevant case law confirms that KLCC was entitled to summary judgment for substantially the reasons set forth in the district court's September 28, 2015 memorandum and order. *See Citigroup Glob. Mkts., Inc. v. KLCC Invs., LLC*, No. 06-CV-5466 (LAP), 2015 WL 5853916, at *7-14 (S.D.N.Y. Sept. 28, 2015). In addition, we discern no error or abuse of discretion in the district court's award of fees and costs to Citigroup against D&D.

We have considered all of D&D's arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4